**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

FILED
U.S. District Court
District of Kansas

JUN 06 2025

Clerk, U.S. District Court
_____ Deputy Clerk

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Meghann R. Miller | 2:25-cv-02145-KHV-TJJ |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Randy R. McCalla | Civil Summons & Amended Complaint |

**SERVE AT** { 

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Randy R. McCalla

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
142 N Cherry St. Olathe, KS 66061

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Meghann R. Miller<br>15783 S. Gardner Place<br>Gardner, KS 66030 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 4 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| s/N. Coop, Deputy Clerk for Meghann R. Miller | | 816-977-8328 | 5/9/2025 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process<br>6 of 9 | District of Origin<br>No. 031 | District to Serve<br>No. 031 | Signature of Authorized USMS Deputy or Clerk | Date<br>5-21-25 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | | Date | Time | ☐ am<br>☐ pm |
|---|---|---|---|---|
| Address *(complete only different than shown above)* | | Signature of U.S. Marshal or Deputy | | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

USPS tracking # 7022 3330 0001 6944 5575
Certified mail received 5-21-25

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

MEGHANN R. MILLER,
Plaintiff,

v.

KANSAS DEPARTMENT FOR
CHILDREN AND FAMILIES;
ASHLEY BEAUCHAMP, in her official
and individual capacity;
MICHELLE MERRITT, in her official
and individual capacity;
JOHN DOE SUPERVISORS 1–5;
in their official and individual capacities; and
RANDY MCCALLA, in his individual
and official capacity,
Defendants.

Civil Action No.2:25-cv-02145-KHV-TJJ
JURY TRIAL DEMANDED

**FIRST AMENDED VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. §§ 1983, 1985, 1986, THE AMERICANS WITH DISABILITIES ACT,
STATE LAW CLAIMS, AND REQUEST FOR DECLARATORY AND INJUNCTIVE**

COMES NOW Plaintiff MEGHANN R. MILLER, appearing pro se, and for her First Amended
Complaint, states as follows:

## I. INTRODUCTION

1. This is an emergency civil rights action arising from state-sponsored misconduct
   committed under the color of law during family court proceedings in Johnson County,
   Kansas (Case No. 17CV03002). Plaintiff brings claims pursuant to 42 U.S.C. §§ 1983,

1985, and 1986, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and Kansas common law, seeking redress for violations of her First, Fifth, and Fourteenth Amendment rights, as well as for fraud and intentional infliction of emotional distress.

2. Plaintiff challenges: (1) unlawful gag orders chilling her constitutionally protected speech; (2) a retaliatory and baseless child abuse "substantiation" improperly issued by the Kansas Department for Children and Families (DCF); (3) the use of state power to silence, surveil, and punish a pro se litigant engaged in advocacy on behalf of parental rights; and (4) a systemic failure to accommodate her disabilities in violation of the ADA.

3. This Complaint does not seek to overturn a child custody decree. Rather, it seeks declaratory and injunctive relief, damages, and statutory recovery based on Defendants' independent violations of federal and state law, including fabricated evidence, suppression of exculpatory records, conspiracy, and obstruction of Plaintiff's ability to participate in court proceedings.

## II. JURISDICTION AND VENUE

a. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights) for the §§ 1983, 1985, 1986, and ADA claims. Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367.

b. Venue is proper under 28 U.S.C. § 1391(b)(2), as the events occurred in Johnson County, Kansas, within this judicial district.

c. No Duplicative Claims or Relief Sought:

d. This action arises from a distinct and non-duplicative set of operative facts concerning the treatment of Plaintiff's minor daughter, Madilynn R. Miller, during a Child in Need of Care (CINC) proceeding from approximately September 2022 through August 2023. It does not reassert claims or seek damages previously raised in Case No. 2:25-cv-02145-KHV-TJJ (related to DCF substantiation procedures) or Case No. 2:25-cv-02180-KHV-TJJ (related to guardian ad litem misconduct and custody modification). All claims herein pertain solely to constitutional and statutory injuries suffered by Plaintiff and Madilynn during the CINC episode, including forced office

sleeping, denial of medical access, and failures of care under the Americans with Disabilities Act and 42 U.S.C. §§ 1983, 1985, and 1986.

## II. PARTIES

3. Plaintiff Meghann R. Miller is a resident of Gardner, Johnson County, Kansas, and mother of five minor children involved in Case No. 17CV03002.She is the biological mother of five minor children: M.M., C.B.M., T.M., J.N.M., and J.A.M.

4. Defendant Randy R. McCalla is the court-appointed Guardian ad Litem in Case No. 17CV03002, acting in his individual and official capacity under color of state law, with an office in Johnson County, Kansas.

5. Defendant Ashley Beauchamp is a DCF social worker in Johnson County, Kansas, acting in her individual capacity.

6. Defendants John Doe Supervisors 1-5 are DCF supervisory employees in Johnson County, Kansas, acting in their individual capacities, whose identities are unknown but discoverable.

7. Defendant Kansas Department for Children and Families is a state agency responsible for child welfare investigations, operating in Johnson County, Kansas.

8. To the extent that Plaintiff seeks injunctive and declaratory relief against Defendants sued in their official capacities, she does so pursuant to Ex parte Young, 209 U.S. 123 (1908), which permits suits against state officials in their official capacity for prospective relief to halt ongoing constitutional violations. Plaintiff does not seek retroactive monetary relief from the State of Kansas or its agencies barred by the Eleventh Amendment.

## III. FACTUAL BACKGROUND

1. Plaintiff Meghann R. Miller, a Johnson County, Kansas resident, is the mother of five minor children (M.R.M., C.B.M., T.B.M., J.N.M., J.A.M.) and is involved in a custody dispute in Johnson County District Court, Case No. 17CV03002.

2.  On January 29, 2024, Guardian ad Litem (GAL) Randy McCalla filed an ex parte emergency motion, relying on a false report by therapist Julia Battle alleging unsubstantiated abuse, resulting in the removal of Plaintiff's children without an evidentiary hearing or notice, violating her due process rights. Plaintiff provided a clean drug test that day, but McCalla suppressed this and DCF's exonerating findings, which were known to him prior to the hearing. This action caused a 14-month separation from Plaintiff's children, with no contact whatsoever with any of her five children from January 29, 2024, to December 23, 2024, no contact with M.R.M. since August 10, 2023, or C.B.M. since January 29, 2024, and limited therapy sessions with T.B.M., J.N.M., and J.A.M., totaling only 12 sessions with T.B.M., 3 with J.N.M., and 6 with J.A.M. from December 23, 2024, to April 29, 2025, with cancellations on December 30, 2024, and April 21, 2025. (Exhibits A, B, C, NNN, EEEE, VVV, UUU).

3.  The Kansas Department for Children and Families (DCF) assigned investigator Michelle Merritt, who, before January 29, 2024, informed McCalla the allegations were unsubstantiated, yet he pursued removal. On June 5, 2024, Merritt informed Plaintiff the allegations were unfounded, describing Plaintiff's parenting as "appropriate and good" and expressing concern over Craig Miller's behavior and the denial of Plaintiff's contact with her children. (Exhibit C).

4.  Plaintiff maintained regular contact with Merritt through November 2024, seeking written confirmation of case closure. On December 19, 2024, and January 20, 2025, Plaintiff filed complaints and records requests regarding DCF's delay. On January 22, 2025, DCF General Counsel Marc Altenbernt confirmed the case was unsubstantiated, admitting the nearly year-long delay was an "unintentional oversight," prolonging Plaintiff's separation

and leading to a verbal suspension of child support ($44,774.88). (Exhibits D, OO, PP, E, P).

5.  On January 23, 2025, DCF received a new report alleging emotional harm from Plaintiff's protected social media activity. On February 6, 2025, Defendant Ashley Beauchamp called Plaintiff, claiming she interviewed Plaintiff's children on January 22, 2025, and citing their alleged statements about Plaintiff's social media. Plaintiff disputes the children's accessibility for such interviews. On March 18, 2025, Beauchamp substantiated Plaintiff for emotional abuse without interviewing Plaintiff, contradicting Merritt's findings and lacking notice or hearing. (Exhibits Y, F).

6.  On February 6, 2025, Beauchamp admitted she relied on secondhand therapist and caregiver statements, did not review Merritt's findings, and refused to provide dates or sources of alleged interviews. The March 18, 2025, substantiation letter falsely claimed interviews with children confirmed harm, suggesting fabricated evidence. (Exhibits Y, F).

7.  DCF's failure to timely issue the unsubstantiated letter violated the Child Abuse Prevention and Treatment Act (CAPTA), 42 U.S.C. § 5106a, and Kansas Admin. Reg. 30-46-10. Beauchamp confirmed DCF missed its February 28, 2025, closure deadline for the new report. (Exhibit F).

8.  Plaintiff's social media activity, targeted by Beauchamp, constitutes protected speech. The state court's gag orders, prompted by McCalla's June 9, 2024, motion and imposed on April 4, 2025, further chilled Plaintiff's speech, violating her First Amendment and due process rights. *Troxel v. Granville,* 530 U.S. 57 (2000); *Mathews v. Eldridge,* 424 U.S. 319 (1976). (Exhibits FFF, III).

9.  On February 25, 2025, Plaintiff served DCF with a subpoena for records, which the court restricted to supervised viewing at the courthouse without copying, hindering access to exculpatory evidence. Plaintiff's motions for injunctive relief to access these records were denied. On April 1, 2025, Judge Kevin O'Grady canceled the custody trial scheduled for April 22, 2025, citing Plaintiff's failure to pay GAL fees, despite her financial hardship. On April 4, 2025, the court imposed an AI-certification requirement solely on Plaintiff, mandating she disclose AI use in pleadings, a unique and punitive restriction not applied to other parties. These actions obstructed Plaintiff's access to justice. (Exhibits PPP, SSS, III, GGG).

10. Plaintiff filed a defamation lawsuit in Missouri (Case No. 25CL-CC00013) against Sarah Jo Crawford and Beth Nichols, who posted false, defamatory claims about Plaintiff's parenting and mental health, some cited in DCF's substantiation, and improperly disclosed images of Plaintiff's minor children, using confidential records likely supplied by Craig and Shelly Miller. Crawford's TikTok following grew from 72 to over 31,000 by spreading lies about Plaintiff as a mother and discussing Plaintiff's children, yet DCF, including Beauchamp, failed to investigate Crawford's and Nichols' defamatory social media activity, contributing to the improper substantiation and further violating Plaintiff's rights. (Exhibits Z, AA, XXX).

## IV. HARMS CAUSED BY DEFENDANTS' ACTIONS AND BASIS FOR EMERGENCY RELIEF

9.  Defendants' actions, including McCalla's ex parte removal motion and Beauchamp's delayed case closure, caused a 14-month separation from Plaintiff's five children (January 29, 2024, to April 29, 2025), with no contact with any child from January 29,

2024, to December 23, 2024, no contact with M.R.M. since August 10, 2023, or C.B.M. since January 29, 2024, and only limited therapy sessions with T.B.M., J.N.M., and J.A.M. (12, 3, and 6 sessions, respectively) since December 23, 2024, disrupted by cancellations (e.g., December 30, 2024, and April 21, 2025). This ongoing separation, continuing as of April 29, 2025, has resulted in severe emotional distress and a therapist diagnosis of family disruption and parent-child relational conflict. (Exhibits C, E, G, NNN, EEEE, VVV, UUU).

10. Plaintiff incurred $16,545.63 in out-of-pocket expenses due to Defendants' actions, including $2,100 for psychological evaluations, $500 in Guardian ad Litem fees, $5,580 for therapy with Dan Livingston, and $8,365.63 to therapist Julia Battle by February 1, 2025, paid via MasterCard ending in 3978. (Exhibit H).

11. McCalla's January 29, 2024, motion and DCF's nearly year-long delay in closing Plaintiff's case led to a verbal suspension of child support ($44,774.88), forcing Plaintiff to sell her home to avoid foreclosure and move into her mother's Airbnb rental, exacerbating financial strain. (Exhibits E, P, I).

12. Plaintiff filed for short-term disability on October 22, 2024, and has been without income since, further compounding economic harm caused by Defendants' actions. (Exhibit J).

13. Plaintiff's chronic stress, attributed by her physician to DCF's actions and custody loss, caused eyesight deterioration from 20/20 to requiring +3.00 reading glasses and recurring staph infections on her face, nose, and chest, requiring four rounds of antibiotics. (Exhibit K).

14. On March 18, 2025, Beauchamp's substantiation, issued without notice, hearing, or access to exculpatory records, caused severe reputational and employment harm and

violated Plaintiff's fundamental parental rights. *Troxel v. Granville*, <u>530 U.S. 57</u> (2000); *Paul v. Davis*, <u>424 U.S. 693</u> (1976). (Exhibit Y).

15. The custody trial in Case No. 17CV03002 was canceled on April 1, 2025, due to Plaintiff's inability to pay GAL fees demanded by McCalla, despite her financial hardship and prior court assurances of income-based apportionment, with record-access restrictions impairing Plaintiff's legal defense. *Mathews v. Eldridge*, <u>424 U.S. 319</u> (1976). (Exhibits GGG, SSS, LLL).

16. On April 4, 2025, Judge Kevin O'Grady imposed a selective AI-certification rule solely on Plaintiff, mandating disclosure of AI use in pleadings, a punitive restriction not applied to other parties, further obstructing her access to justice. (Exhibit III).

17. Audio evidence confirms Merritt cleared the case, but supervisory interference by Doe Supervisors blocked formal closure, prolonging Plaintiff's harm. (Exhibit C).

18. Plaintiff continues to suffer ongoing emotional, financial, reputational, and constitutional harms from Defendants' unlawful actions, necessitating immediate injunctive relief to reinstate the custody trial, compel record access, and prevent further irreparable injury. *Winter v. Natural Res. Def. Council*, <u>555 U.S. 7</u> (2008).

## IV. LEGAL CLAIMS

## COUNT I — Deprivation of Procedural and Substantive Due Process Under <u>42 U.S.C. § 1983</u> (Fourteenth Amendment - All Defendants)

1. Plaintiff incorporates all prior paragraphs as though fully stated herein.

2. Defendants, acting under color of state law, deprived Plaintiff of her procedural and substantive due process rights under the Fourteenth Amendment by substantiating her for emotional abuse without fair process and abusing their authority in a manner that shocks

the conscience.

3.  Procedural Due Process Violations:

    a.  McCalla filed an emergency motion on January 29, 2024, granted without notice, evidence, or hearing, stripping Plaintiff of her children. He suppressed exculpatory DCF findings and negative drug tests, influencing a retaliatory substantiation on March 18, 2025. (Exhibits A, B, C, Y).

    b.  Beauchamp substantiated Plaintiff without interviewing her, admitting she did not review Merritt's findings, relying on unverified third-party reports, and denied notice or a hearing, contradicting Merritt's findings. On March 11, 2025, the court denied Plaintiff full access to her DCF file, restricting her to in-court viewing without copying. (Exhibits Y, F, SSS).

    c.  Doe Supervisors delayed case closure, obstructing exculpatory evidence release, prolonging Plaintiff's harm. (Exhibits E, C).

    d.  DCF's substantiation process lacked pre- or prompt post-deprivation hearings, violating Plaintiff's right to cross-examine witnesses and present evidence. Fuentes v. Shevin, 407 U.S. 67 (1972); *Barry v. Barchi*, 443 U.S. 55 (1979); *Application of Gault,* 387 U.S. 1 (1967); *Watkins v. Sowders*, 449 U.S. 341 (1981).

    e.  The court's in-camera review, denial of motions without hearings, restricted record access, trial cancellation, and AI-certification rule denied Plaintiff a meaningful opportunity to be heard, exacerbating DCF's violations. In the Interest of B.H., No. 126,487 (Kan. Ct. App. 2024); Jennings v. Shauck, No. 123,495 (Kan. 2024); E.F. and V.F. v. Kansas DCF, No. 127,827 (Kan. Ct. App. 2025); Perkins Coie LLP v. U.S. DOJ, No. 25-716 (D.D.C. 2025); Meyer v. Nebraska, 262 U.S. 390 (1923); Washington v. Glucksberg, 521 U.S. 702 (1997).

4.  Substantive Due Process Violations: Defendants' actions—fabricating allegations, suppressing evidence, and imposing a pay-to-parent system via GAL fees—constitute an abuse of power, shocking the conscience. *County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

5. Legal Basis: These actions violate procedural due process by denying notice and hearing (*Zinermon v. Burch*, <u>494 U.S. 113</u> (1990); *Mathews v. Eldridge*, <u>424 U.S. 319</u> (1976)) and substantive due process by undermining familial integrity (*Moore v. Guthrie*, <u>438 F.3d 1036</u> (10th Cir. 2006)).

6. Resulting Harm: Plaintiff suffered a 14-month separation, $16,545.63 in expenses, $44,774.88 in lost child support, emotional distress, physical harm, and reputational damage. (Exhibits H, P, Y).

7. Plaintiff seeks compensatory damages, declaratory relief, and injunctive relief to halt these violations.

**COUNT II — Violation of First Amendment - Retaliation and Gag Orders (All Defendants)**

1. Plaintiff incorporates all prior paragraphs as though fully stated herein.

2. Defendants retaliated against Plaintiff's protected social media speech and imposed gag orders, violating her First Amendment rights.

3. Retaliation Violations:

   a. McCalla, aware of DCF's June 2024 clearance via Merritt, communicated with DCF supervisors post-clearance, pursued custody restrictions, and filed a June 9, 2024, motion to curb Plaintiff's social media, influencing a January 23, 2025, DCF report to punish her advocacy. (Exhibits C, U, FFF, Y).

   b. Beauchamp substantiated Plaintiff based on her TikTok activity, relying on defamatory posts by Sarah Jo Crawford and Beth Nichols without verifying their accuracy, despite Plaintiff's explanation that her children were unaware of the posts. (Exhibits Y, F, XXX).

   c. Doe Supervisors approved the substantiation, facilitating retaliation without direct evidence. (Exhibit E).

   d. DCF adopted third-party distortions without investigation, targeting Plaintiff's
      protected speech. (Exhibit XXX).

4. Gag Orders: The court's gag orders (June 9, 2024, and April 4, 2025), prompted by
   McCalla, restricted Plaintiff's speech about court misconduct, violating content-based
   speech protections without a compelling interest. *Reed v. Town of Gilbert,* 576 U.S. 155
   (2015); *Perkins Coie LLP v. U.S. DOJ,* No. 25-716 (D.D.C. 2025); In the Interest of *B.H.,
   No.* 126,487 (Kan. Ct. App. 2024); *Borough of Duryea v. Guarnieri,* 564 U.S. 379 (2011);
   *BE & K Constr. Co. v. NLRB,* 536 U.S. 516 (2002); *De Jonge v. Oregon,* 299 U.S. 353
   (1937). (Exhibits FFF, III).

5. Legal Basis: These actions violate Plaintiff's rights to free speech and petition (*Ward v.
   Anderson,* 494 F.3d 929 (10th Cir. 2007); *NRA v. Vullo,* 602 U.S. 175 (2024)).

6. Resulting Harm: Plaintiff suffered chilled speech, a 14-month separation, and ongoing
   distress. (Exhibits Y, FFF).

7. Plaintiff seeks declaratory relief, injunctive relief to lift gag orders, and damages.


**COUNT III — Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985(3)
(McCalla, Beauchamp, Doe Supervisors)**

1. Plaintiff incorporates all prior paragraphs as though fully stated herein.

2. Defendants McCalla, Beauchamp, and Doe Supervisors conspired to deprive Plaintiff of
   her civil rights—due process, free speech, and parental rights—through coordinated
   actions in Case No. 17CV03002.

3. Acts in Furtherance:

   a. McCalla suppressed DCF findings and negative tests, communicated with DCF
      supervisors post-clearance, influenced the January 23, 2025, DCF report, and filed
      retaliatory motions. Crawford and Nichols' defamatory posts, likely coordinated with
      Craig Miller, were used to justify the report. (Exhibits C, B, U, Y, FFF, XXX).

b. Beauchamp substantiated Plaintiff without evidence, relying on unverified reports from Crawford and Nichols, to punish her speech. (Exhibits Y, F, XXX).

c. Doe Supervisors delayed case closure and ratified the substantiation without investigation. (Exhibit E).

d. DCF's flawed substantiation process lacked constitutional safeguards, facilitating the conspiracy. *Axon Enter., Inc. v. FTC*, 143 S. Ct. 890 (2023); *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024); *Perkins Coie LLP v. U.S. DOJ*, No. 25-716 (D.D.C. 2025).

4. The conspiracy was motivated by animus toward Plaintiff's exercise of fundamental rights, including her constitutionally protected speech and her role as a mother advocating against state overreach. This includes gender-based discrimination and hostility toward her status as a vocal female litigant. See Griffin v. Breckenridge, 403 U.S. 88 (1971) (requiring class-based animus for § 1985(3)); *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993).

5. Coordination: Defendants' shared objective is shown by McCalla's DCF communications, Beauchamp's reliance on unverified reports, and Doe Supervisors' inaction. (Exhibits R, Y, U).

6. Resulting Harm: Plaintiff suffered a 14-month separation, financial losses, and distress. (Exhibits H, P, Y).

7. Plaintiff seeks declaratory relief, injunctive relief, and damages.

## COUNT IV – Neglect to Prevent Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1986 – Against Doe Supervisors)

1. Plaintiff incorporates all prior paragraphs.

2. Under 42 U.S.C. § 1986, any person having knowledge that a § 1985 conspiracy is about to be committed, and who, having the power to prevent or aid in preventing it, neglects to do so, is liable for resulting damages.

3. The Doe Supervisor Defendants were aware that Beauchamp and McCalla's actions—including the suppression of exculpatory findings and reliance on unverified defamatory social media posts—violated Plaintiff's constitutional rights.

4. Despite having supervisory authority and access to internal records confirming the falsity or unreliability of the allegations against Plaintiff, these Defendants failed to intervene, failed to issue corrective notices, and ratified the improper substantiation.

5. Their neglect facilitated and prolonged Plaintiff's wrongful separation from her children, reputational harm, and exposure to false charges, constituting a violation of <u>42 U.S.C. § 1986</u>.

6. Plaintiff seeks compensatory damages for the failure to act and declaratory relief recognizing their legal duty.

**COUNT V —Violation of Parental Rights (Fourteenth Amendment - McCalla, Beauchamp, Doe Supervisors)**

1. Plaintiff incorporates all prior paragraphs as though fully stated herein.

2. Defendants violated Plaintiff's fundamental parental rights through coordinated misconduct.

3. Acts of Violation:

   a. McCalla's emergency motion and suppression of evidence caused Plaintiff's separation. (Exhibits A, B, C).

   b. Beauchamp's substantiation without process obstructed Plaintiff's parental role. (Exhibit Y).

   c. Doe Supervisors' delay prolonged the deprivation. (Exhibit E).

   d. The court's lack of notice for procedural actions prejudiced Plaintiff's defense. *Jennings v. Shauck*, No. 123,495 (Kan. 2024).

4. Legal Basis: These actions shock the conscience and infringe Plaintiff's right to direct her children's upbringing. *County of Sacramento v. Lewis,* 523 U.S. 833 (1998); *Troxel v. Granville,* 530 U.S. 57 (2000).

5. Resulting Harm: Plaintiff lost 14 months with her children, incurred financial harm, and suffers ongoing distress. (Exhibits H, P).

6. Plaintiff seeks declaratory relief, injunctive relief to restore parental rights, and damages.

## COUNT VI — Fraud and Misrepresentation (Kansas Law - McCalla, Beauchamp)

1. Plaintiff incorporates all prior paragraphs as though fully stated herein.

2. Defendants McCalla and Beauchamp knowingly made false statements to manipulate custody and DCF proceedings.

3. False Statements:

   a. McCalla's emergency motion relied on Battle's false report, suppressing DCF findings. (Exhibits A, C).

   b. Beauchamp's substantiation letter falsely claimed child interviews confirmed harm, despite no direct evidence, relying on unverified posts by Crawford and Nichols. (Exhibits Y, XXX).

   c. DCF's failure to investigate Crawford's posts reflects bad faith. *E.F. and V.F. v. Kansas DCF*, No. 127,827 (Kan. Ct. App. 2025).

4. Intent and Reliance: Defendants intended to mislead the court and DCF, which relied on these misrepresentations, causing Plaintiff's substantiation and separation. *Hall v. Kan. Farm Bureau,* 274 Kan. 263 (2002).

5. Resulting Harm: Plaintiff lost 14 months of parenting time, incurred $16,545.63 in damages, and suffers distress. (Exhibits H, Y).

6. Plaintiff seeks compensatory damages and injunctive relief to correct these misrepresentations.

**COUNT VII – Malicious Abuse of Process (Kansas Law - McCalla)**

1. Plaintiff incorporates all prior paragraphs as though fully stated herein.

2. Defendant McCalla misused legal process to obstruct Plaintiff's parental rights and retaliate against her protected speech.

3. Acts of Misuse:

    a. McCalla filed an ex parte emergency motion on January 29, 2024, despite knowing DCF's clearance, failing to disclose this to the court. (Exhibits A, C).

    b. McCalla communicated with DCF supervisors between June 2024 and March 2025, influencing the January 23, 2025, report to prolong restrictions. (Exhibit U).

4. Improper Purpose: McCalla's actions were intended to interfere with Plaintiff's custody and silence her advocacy, constituting an ulterior motive. *Lindenman v. Umscheid*, 255 Kan. 610 (1994).

5. Resulting Harm: Plaintiff suffered a 14-month separation, financial losses, and distress. (Exhibits H, P).

6. Plaintiff seeks compensatory and punitive damages.

**COUNT VIII – Intentional Infliction of Emotional Distress (Kansas Law - McCalla, Beauchamp, Doe Supervisors)**

1. Plaintiff incorporates all prior paragraphs as though fully stated herein.

2. Defendants engaged in extreme and outrageous conduct, intentionally or recklessly causing Plaintiff severe emotional distress.

3. Outrageous Conduct:

    a. McCalla's suppression of DCF findings and influence on the January 23, 2025, report despite clearance. (Exhibits C, U).

    b. Beauchamp's substantiation based on unverified social media posts without

investigation. (Exhibits Y, XXX).

    c.  Doe Supervisors' failure to close the case and ratification of the substantiation. (Exhibit E).

4. Legal Basis: This conduct, beyond what a reasonable person should endure, meets Kansas IIED elements—intent, outrageousness, causation, and severe distress. *Roberts v. Saylor*, <u>230 Kan. 289</u> (1981).

5. Resulting Harm: Plaintiff suffered stress-induced vision loss, staph infections, home loss, and disability since October 22, 2024. (Exhibits K, J, I).

6. Plaintiff seeks compensatory and punitive damages.

## COUNT IX– Violation of Americans with Disabilities Act, Title II (<u>42 U.S.C. § 12132</u> – Against DCF, Beauchamp, McCalla in Official Capacity)

1. Plaintiff incorporates all preceding paragraphs.

2. Plaintiff is a qualified individual with disabilities, including severe anxiety and PTSD, as documented by her treating physician. She has consistently requested reasonable accommodations in court proceedings and during investigations by DCF and its agents.

3. Title II of the Americans with Disabilities Act prohibits a public entity from excluding or denying benefits or services to a qualified individual by reason of disability. <u>42 U.S.C. § 12132</u>.

4. Defendants, as employees or agents of the Kansas Department for Children and Families and officers of the Johnson County court system, constitute public entities or acted under color of state law.

5. Plaintiff was excluded from meaningful participation in her custody case, denied access to DCF records, and subjected to vague and unreviewable restrictions by GAL McCalla and DCF investigators, without consideration of her disabilities.

6. Plaintiff's requests for accommodations, including extended response times, virtual

participation, and disability recognition, were either ignored or used against her to justify adverse decisions and substantiations.

7. These actions caused severe and foreseeable harm, including psychological distress, procedural disadvantage, and ultimately the unjustified loss of contact with her five children.

8. Defendants' conduct constitutes intentional discrimination and deliberate indifference to Plaintiff's federally protected rights.

9. Plaintiff seeks declaratory relief, compensatory damages, and injunctive relief ordering DCF and its agents to implement reasonable accommodations and remove disability-based barriers to court access.

## V. DAMAGES AND RELIEF REQUESTED

WHEREFORE, Plaintiff Meghann R. Miller MOVES this Court to enter judgment in her favor and grant the following relief:

### I.    Declaratory Relief - Pursuant to 28 U.S.C. § 2201

1. Declare that Defendants violated Plaintiff's First and Fourteenth Amendment rights, including procedural and substantive due process, free speech, and parental rights, as detailed in Counts I-IV.

2. Declare that Defendants McCalla and Beauchamp violated Plaintiff's rights through fraud, malicious abuse of process, and IIED, per Counts V-VII.

3. Declare the March 18, 2025, DCF substantiation unconstitutional and void.

### II.    Injunctive Relief

1. Issue a permanent injunction enjoining Defendants from enforcing the March 18, 2025, substantiation and removing Plaintiff from the Kansas Central Registry. Perkins Coie LLP v. U.S. DOJ, No. 25-716 (D.D.C. 2025); E.F. and V.F. v. Kansas DCF, No. 127,827 (Kan. Ct. App. 2025).

2. Order reinstatement of the custody trial in Case No. 17CV03002 and compel full access to DCF records.

3. Enjoin Defendants from further retaliatory actions against Plaintiff's protected speech.

## III.   Damages

1. Award compensatory damages in an amount exceeding $5,000,000 for financial losses ($61,320.51, including $16,545.63 in expenses and $44,774.88 in child support), emotional distress, reputational harm, and physical harm caused by Defendants' actions.

2. Award punitive damages in an amount exceeding $5,000,000 for Defendants' willful and malicious misconduct.

## IV.   Additional Relief

1. Award attorneys' fees and costs under 42 U.S.C. § 1988.

2. Grant any further relief the Court deems just and proper.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

## V. JURY DEMAND

Plaintiff demands a jury trial on all issues triable as of right.

Respectfully submitted, May 8, 2025

Meghann R. Miller
15783 S Gardner Place
Gardner, Kansas 66030

meg@standwithmeg.com
Plaintiff, Pro Se

**VERIFICATION**

I, Meghann R. Miller, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 8, 2025.

Meghann R. Miller

15783 S. Gardner Place

Gardner, KS 66030

816-977-8328

meg@standwithmeg.com

Plaintiff, Pro Se

Exhibit A – DCF General Counsel Marc Altenbernt Letter (Jan. 22, 2025)

Exhibit B – March 18, 2025 Substantiation Letter

Exhibit C – Transcript of DCF Worker Michelle Merritt (June 5, 2024)

Exhibit D – Call Log With Michelle Merritt

Exhibit E – Letter Confirming Unsubstantiated Finding

Exhibit OO – Full Call and Email Log With Michelle Merritt

Exhibit PP – Dec. 19, 2024 & Jan. 20, 2025 Emails to DCF Requesting Case Closure

Exhibit PPP – Subpoena and Emails to DCF (Feb–March 2025)

Exhibit SSS – Order Concerning DCF Subpoena (March 14, 2025)

Exhibit TTT – Order Denying Motion to Vacate and Financial Disclosure Request

Exhibit III – Order Cancelling April 2025 Custody Hearing

Exhibit Y – March 2025 DCF Substantiated Findings

Exhibit G – Therapist's Diagnosis of Family Disruption / Parent-Child Relational Conflict

Exhibit U – Summary of McCalla's Invoices Showing Contact With DCF

Exhibit Z – Proof of Payment to Julia Battle (MasterCard ending in 3978)

Exhibit BB – Johnson County Court Records re: Craig Miller

Exhibit CC – McCalla Email Responses to Petitioner (re: drug use & records)

Exhibit XXX – Filed Defamation Complaint Against Sarah Crawford, TRO Filed Against Sarah Jo Crawford

Exhibit ZZZ – Transcript of Feb. 6, 2025 Phone Call With Ashley Beauchamp

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MEGHANN R. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 25-cv-2145-KHV-TJJ |
| | ) | |
| KANSAS DEPARTMENT OF | ) | |
| CHILDREN AND FAMILIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING LEAVE
TO PROCEED IN FORMA PAUPERIS**

Plaintiff filed a Motion to Proceed Without Prepayment of Fees on March 21, 2025 (ECF No. 4).   Based on the information provided by Plaintiff in her Motion the Court finds that Plaintiff has shown an inability to pay the filing fees and a belief that she is entitled to relief.   Thus, the Court concludes that the Motion should be granted.

The Court notes that Plaintiff's Complaint (ECF No. 1) fails to provide complete mailing addresses for all the named Defendants.   In order for the Clerk's Office to issue summons for service upon each of the named Defendants, Plaintiff shall provide complete address information for each Defendant named in the Complaint.   Plaintiff shall provide this information to the Clerk's office in writing no later than **April 8, 2025** by either emailing the information to KSD_Clerks_kansascity@ksd.uscourts.gov or mailing the information to the following address:

> Clerk of the Court
> Robert J. Dole United States Courthouse
> 500 State Avenue, Rm 259
> Kansas City, KS   66101

After Plaintiff provides complete address information for the Defendants named in her Complaint, the Clerk shall issue summons for service upon those Defendants.   Service of the

summons and Complaint shall be effected by the United States Marshal or a deputy United States Marshal who are hereby appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 4) is granted.   Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees or security therefor.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

Dated in Kansas City, Kansas, this 25th day of March, 2025.

Teresa J. James
U. S. Magistrate Judge