IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MEGHANN R. MILLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 2:25-cv-02145-KHV-TJJ |
| KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES; et al | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT RANDY MCCALLA'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Randy McCalla ("McCalla"), by and through undersigned counsel, and hereby submits his Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Complaint.

**I.     Factual and Procedural Background**

For purposes of this Motion only, all well pleaded facts in Plaintiff's Amended Complaint and filings are assumed to be true. Defendant McCalla reserves the right to controvert and dispute any and all such facts, and present evidence to those alleged facts in any subsequent proceedings herein.

On March 21, 2025, Plaintiff filed a Complaint for Declaratory Relief, Injunctive Relief, Damages, and Relator Recovery (Doc. No. 1). On March 31, 2025, Plaintiff filed a Notice of Defendants' Addresses (Doc. No. 7), which listed addresses for Defendants Kansas Department of Children and Families, Ashley Beauchamp, Michelle Merritt, and John and Jane Doe Supervisors. Plaintiff's Amended Complaint and Notice did not identify Defendant McCalla or provide an address for him.

1

On May 8, 2025, Plaintiff filed a First Amended Verified Complaint ("Amended Complaint") adding Defendant McCalla and asserting multiple causes of action against Defendants. (Doc. No. 13). Plaintiff's First Amended Verified Complaint alleges deprivation of due process under 42 U.S.C. § 1983, violation of the First Amendment, conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3), and violation of parental rights under the Fourteenth Amendment. Plaintiff also brings state law claims under Kansas law for fraud and misrepresentation, malicious abuse of process, and intentional infliction of emotional distress, and violation of the Americans with Disabilities Act (ADA).

On May 8, 2025, Plaintiff filed a Notice of Supplemental Service Address for Defendant McCalla. (Doc. No. 14) Plaintiff's Notice stated that service should be made at 142 N. Cherry St., Olathe, KS 66061. This address is the location of Defendant McCalla's law firm, not his residential address. Plaintiff also filed a Request for Summons requesting a summons be issued to the U.S. Marshals for service. (Doc. No. 15).

On June 6, 2025, Plaintiff filed a Return of Summons Executed, which included a certified mail tracking number indicating the summons was received on May 21, 2025. (Doc. No. 17) On May 21, 2025, Defendant McCalla received the Process Receipt and Return and the Summons in a Civil Action, *attached hereto as Exhibit A.* No other documents were enclosed with the mailing. More specifically, neither Plaintiff's initial Complaint nor the Verified First Amended were included.

## II. <u>Arguments and Authorities</u>

### a. **Standard of Review**

Pursuant to Rule 12(b)(5), the Court may dismiss a complaint for insufficient service of process. Under Rule 12(b)(2), the burden is on the plaintiff to establish personal jurisdiction. *Rainy*

102861918.v1

*Day Books, Inc. v. Rain Day Books & Café, LLC*, 186 F.Supp.2d 1158, 1160 (D. Kan. 2002). The Court cannot exercise personal jurisdiction over a defendant who has not received service of process. *Omni Capital Int'l Ltd. v. Rudolf Wolf & Co. Ltd.* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"); *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 492 (3rd Cir. 1993) (court's exercise of personal jurisdiction over a defendant depends on service of process in "compliance with the technicalities of Rule 4").

  **b. The Court Should Dismiss Plaintiff's Complaint Because Plaintiff's Attempted Service Failed to Comply with Federal Rules 4(c)(1) and 4(e)(2).**

Under Rule 4(e)(2), service may be made upon an individual may be served by doing any of the following:

(A)  delivering a copy of the summons and of the complaint to the individual personally,
(B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Further, Rule 4(c)(1) expressly states, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." The express language of Rule 4(e)(2) and Rule 4(c)(1) are clear. An individual being must be served with both a copy of the summons and of the complaint.

As shown in Exhibit A, on May 21, 2025, Defendant McCalla received the Process Receipt and Return and the Summons in a Civil Action. However, a copy of Plaintiff's Amended Complaint was not included in the mailing. Because Plaintiff failed to comply with the

3

*Day Books, Inc. v. Rain Day Books & Café, LLC*, 186 F.Supp.2d 1158, 1160 (D. Kan. 2002). The Court cannot exercise personal jurisdiction over a defendant who has not received service of process. *Omni Capital Int'l Ltd. v. Rudolf Wolf & Co. Ltd.* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"); *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 492 (3rd Cir. 1993) (court's exercise of personal jurisdiction over a defendant depends on service of process in "compliance with the technicalities of Rule 4").

  **b. The Court Should Dismiss Plaintiff's Complaint Because Plaintiff's Attempted Service Failed to Comply with Federal Rules 4(c)(1) and 4(e)(2).**

Under Rule 4(e)(2), service may be made upon an individual may be served by doing any of the following:

(A)  delivering a copy of the summons and of the complaint to the individual personally,
(B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Further, Rule 4(c)(1) expressly states, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." The express language of Rule 4(e)(2) and Rule 4(c)(1) are clear. An individual being must be served with both a copy of the summons and of the complaint.

As shown in Exhibit A, on May 21, 2025, Defendant McCalla received the Process Receipt and Return and the Summons in a Civil Action. However, a copy of Plaintiff's Amended Complaint was not included in the mailing. Because Plaintiff failed to comply with the

requirements of Rule 4(e), service was insufficient, and this Court should dismiss Plaintiff's Amended Complaint.

    c.    **The Court Should Dismiss Plaintiff's Complaint Because Plaintiff's Attempted Service Failed to Comply with Kansas Law.**

A failure to comply with Rule 4(e)(2) renders service ineffective, unless such service under Rule 4(e)(1) would be proper. *Nationwide Affinity Insurance Company*, 2019 WL 5535244 at *2 (2019). Rule 4(e)(1) states, "[A]n individual may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". Rule 4.1 of the Rules of Practice of the United States District Court for the District of Kansas (Effective Jan.4, 2023), states, "Where the Federal Rules of Civil Procedure authorize service of process in accordance with state practice, the parties seeking such service must give the clerk: (1) forms of all necessary orders; (2) sufficient copies of all papers to comply with state requirements; and (3) specific instructions for making service." Additionally, a plaintiff must substantially comply with the service statute [of Kansas]. K.S.A. 60-204. See also *McKinney v. Nationwide Affinity Insurance Company*, 2019 WL 5535244 *2 (D. Kan. 2019) (holding Plaintiff's failure to substantially comply with Kansas law rendered service insufficient under Rule 4(e)(1)). Substantial compliance with a statute means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. *Fisher v. DeCarvalho*, 298 Kan. 482, 491 (2013). Plaintiff has not followed the service requirements set forth under K.S.A. 60-301 or 60-304, and therefore, service is not proper under Rule 4(e)(1).

K.S.A. 60-301 states that a summons must be served with a copy of the petition. Plaintiff failed to include either the initial Complaint or Amended Complaint with the summons sent to Defendant McCalla. Accordingly, service was not valid under K.S.A. 60-301.

K.S.A. 60-304(a) provides that service of process must be made as follows:

4

> (a) *Individual.* On an individual other than a minor or a disabled person, by serving the individual or by serving an agent authorized by appointment or by law to receive service of process. If the agent is one designated by statute to receive service, such further notice as the statute requires must be given. Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address. If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.

Plaintiff made no attempt to serve Defendant McCalla at his dwelling or usual place of abode. Plaintiff also did not file a return of service indicating that delivery to Defendant McCalla's home was refused or unclaimed. Further, service was not actually completed on Defendant McCalla or an authorized agent at his business address. Instead, the summons was mailed to Defendant McCalla's law office with no accompanying complaint, and no agent accepted service on his behalf. Plaintiff failed to comply with service requirements under K.S.A. 60-301 or 60-304, making her attempt service invalid under Rule 4(e)(1). Consequently, the Court should dismiss Plaintiff's claims against Defendant McCalla for insufficient service of process.

### III.     Conclusion

Defendant McCalla respectfully requests that this Court enter an Order dismissing Plaintiff's First Amended Verified Complaint for insufficiency of service of process, and for such other and further relief as this Court deems just, proper, and equitable.

102861918.v1

<pre>
                            WALLACE SAUNDERS, CHARTERED

                        BY:   /s/ Robyn M. Butler
                            Robyn M. Butler   KS 16225
                            Kacey P. Drape    KS 29985
                            10111 West 87th Street
                            Overland Park, KS 66212
                            (913) 888-1000 FAX - (913) 888-1065
                            rbutler@wallacesaunders.com
                            kdrape@wallacesaunders.com
                        ATTORNEYS FOR DEFENDANT
                        RANDY McCALLA
</pre>

I hereby certify that the above was signed by an attorney of record in this matter and the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of record on the 11th day of June 2025:

Meghann R. Miller
15783 S. Gardner Place
Gardner, KS 66030
meg@standingwithmeg.com
PLAINTIFF, PRO SE

  /s/ Robyn M. Butler
For the Firm

102861918.v1