IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MEGHANN R. MILLER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KANSAS DEPARTMENT OF CHILDREN AND** )<br>**FAMILIES, ASHLEY BEAUCHAMP, in her** )<br>**individual and official capacity, MICHELLE** )<br>**MERRITT, in her individual and official capacity,** )<br>**JOHN DOE SUPERVISORS 1–5, in their** )<br>**individual and official capacities, and RANDY** )<br>**MCCALLA, in his individual and official capacity,** )<br>)<br>**Defendants.** )<br>) | CIVIL ACTION<br><br>No. 25-2145-KHV |

## MEMORANDUM AND ORDER

In a child custody dispute between plaintiff and her ex-husband, the District Court of Johnson County, Kansas ordered that plaintiff not have contact with her five children. On March 21, 2025, plaintiff filed suit pro se against the Kansas Department of Children and Families ("DCF"), and various individuals who are either DCF employees or provide services for DCF. Plaintiff alleges violation of her civil rights under 42 U.S.C. §§ 1983, 1985 and 1986, violation of her rights under the Americans With Disabilities, 42 U.S.C. § 12101 et seq. and various state law claims.[1] This matter is before the Court on plaintiff's Ex Parte Emergency Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #5) filed March 21, 2025. For reasons stated below, the Court overrules plaintiff's motion.

---

[1] The Court affords a pro se plaintiff some leniency and liberally construes her filings. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013). Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

**Factual Background**

Highly summarized, plaintiff's <u>First Amended Verified Complaint</u> (Doc. #13) filed May 8, 2025, alleges as follows:

In the District Court of Johnson County, Kansas, plaintiff and her ex-husband have a pending dispute which involves the custody of their five children. On January 29, 2024, based on unsubstantiated allegations of abuse and without an evidentiary hearing or notice to plaintiff, the Honorable Keven O'Grady of the District Court of Johnson County, Kansas, ordered that plaintiff not have contact with her children. Before January 29, 2024, Michelle Merritt, a DCF investigator, informed Randy McCalla, the guardian ad litem, that the abuse allegations against plaintiff were unsubstantiated. Even so, McCalla sought to remove the children from plaintiff's custody. On June 5, 2024, Merritt told plaintiff that the abuse allegations were unfounded. Even so, unknown DCF supervisors blocked disclosure of this fact to the state court.

On January 22, 2025, after repeated efforts by plaintiff to correct the record, DCF general counsel sent plaintiff a letter which acknowledged that it had previously closed the investigation because the allegations against her were unsubstantiated.

On January 23, 2025, DCF received a new report which alleged emotional harm to plaintiff's children from her social media activity. On March 18, 2025, in reliance on fabricated evidence, Ashley Beauchamp, a DCF social worker, without interviewing plaintiff, concluded that the allegations of harm to her children were substantiated.

On April 1, 2025, some three weeks before a scheduled trial of the custody dispute, Judge O'Grady canceled trial because plaintiff had not paid outstanding guardian ad litem fees. On April 4, 2025, for punitive reasons, Judge O'Grady imposed a selective Artificial Intelligence ("AI") certification rule, which mandated that plaintiff disclose her use of AI in pleadings. Plaintiff

alleges that the AI certification rule obstructed her access to the courts.

On March 21, 2025, plaintiff filed this suit against DCF and others associated with DCF. On April 7, 2025, plaintiff filed a separate suit against the guardian ad litem, the court-appointed therapist, a psychologist who evaluated plaintiff and Johnson County. See Miller v. McCalla, D. Kan. No. 25-2180-KHV.

Since January 29, 2024, except for limited weekly reunification sessions with her three youngest children, plaintiff has been separated from her children (ages 17, 14, 12, 11 and 11).

In a nine-count amended complaint, plaintiff alleges violation of her civil rights under 42 U.S.C. §§ 1983, 1985 and 1986, violation of her rights under the Americans With Disabilities, 42 U.S.C. § 12101 et seq. and various state law claims. The gravamen of plaintiff's complaint is that the guardian ad litem and others in the custody dispute misled Judge O'Grady. Although plaintiff has not named Judge O'Grady as a defendant, she alleges that his conduct has "obstructed her access to justice." First Amended Verified Complaint (Doc. #13) at 6, 8.

## Analysis

I.   **Motion For Ex Parte Temporary Restraining Order**

Plaintiff seeks an ex parte temporary restraining order which (1) enjoins defendants from disseminating, relying on, or enforcing the DCF finding on March 18, 2025, that the allegations of harm to plaintiff's children from her social media activity were substantiated, (2) orders immediate removal of the DCF finding from its central registry, (3) prohibits the use of the DCF finding in any ongoing legal, administrative or custody proceeding and (4) directs defendants to annotate all DCF records indicating that the DCF finding is subject to pending federal judicial review. An ex parte temporary restraining order is an emergency remedy, which is reserved for exceptional circumstances and lasts only until the Court can hear arguments or evidence regarding the

controversy.  Uhlig, LLC v. PropLogix, LLC, No. 22-2475-KHV, 2023 WL 8452426, at *1 (D. Kan. Dec. 6, 2023).  Plaintiff has not shown exceptional circumstances which would permit the Court to hear her request without notice to the opposing parties.  See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438–39 (1974) (ex parte temporary restraining orders run counter to principles that all parties receive reasonable notice and opportunity to be heard; restricted to serving underlying purposes of preserving status quo and preventing irreparable harm only so long as necessary to hold hearing and no longer).  Specifically, she has not explained how notice to opposing parties would result in immediate, irreparable harm such that notice would "render fruitless the further prosecution of the action."  Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quotations and citation omitted) (very few circumstances justify issuance of ex parte TRO).  The Court therefore overrules plaintiff's request for an ex parte temporary restraining order.

## II.     Motion For Preliminary Injunction

Plaintiff also seeks a preliminary injunction which (1) enjoins defendants from disseminating, relying on, or enforcing the DCF finding on March 18, 2025, that the allegations of harm to plaintiff's children from her social media activity were substantiated, (2) orders immediate removal of the DCF finding from its central registry, (3) prohibits the use of the DCF finding in any ongoing legal, administrative or custody proceeding and (4) directs defendants to annotate all DCF records indicating that the DCF finding is subject to pending federal judicial review.  A preliminary injunction is an order issued "only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  Because plaintiff filed her motion ex parte, defendants apparently have not received notice and they have not had an opportunity to respond to the merits of plaintiff's request.  The Court therefore overrules without prejudice her request for a preliminary injunction.  Also, because

plaintiff has not shown any need to keep her ex parte motion under seal, the Court directs the Clerk to unseal it.

**IT IS THEREFORE ORDERED** that plaintiff's Ex Parte Emergency Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #5) filed March 21, 2025 is **OVERRULED**.  **The Clerk is directed to unseal plaintiff's Ex Parte Emergency Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #5) filed March 21, 2025.**

Dated this 20th day of June, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
