IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MEGHANN R. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:25-cv-02145-KHV-TJJ |
| ) | |
| KANSAS DEPARTMENT FOR CHILDREN ) | |
| AND FAMILIES; et al ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT RANDY MCCALLA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, Defendant Randy McCalla, by and through undersigned counsel, and for his Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and Request for Extension to Cure Service, if Needed (ECF Doc. No. 23), states as follows:

**I.   Arguments and Authorities**

   **a. Plaintiff Fails to Establish Compliance with the Federal Rules of Civil Procedure.**

Once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity. *Oltremari v. Kansas Social & Rehabilitative Serv.,* 871 F. Supp. 1331, 1349 (D. Kan. 1994). Substantial compliance with the Rules of Civil Procedure is required and the actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process. *Mid-Continent Wood Prods., Inc. v. Harris,* 936 F.2d 297 (7th Cir. 1991).

In her Response, Plaintiff asserts that the Summons Returned Executed (ECF Doc. No. 17) filed with the Court on June 6, 2025, demonstrates that Defendant McCalla was served with both

102876036.v2

the Summons and Plaintiff's Complaint on May 21, 2025. However, the docket entry does not establish that the packet received on May 21, 2025 actually enclosed the Summons and either Plaintiff's original Complaint or her Verified Amended Complaint. Plaintiff provides no additional evidence to dispute Defendant McCalla's sworn declaration that he did not receive both a summons and complaint on May 21, 2025.

Plaintiff cites *Kuhn v. Schmidt*, 47 Kan.App.2d 241, 277 P.3d 1141 (2012), claiming it supports the proposition that courts excuse technical errors where the defendant had actual notice of the lawsuits and suffers no prejudice, and that service at a business address is permitted for "professionals who routinely accept legal correspondence there." *Kuhn v. Schmidt* supports neither point. Instead, in *Kuhn*, the Kansas Court of Appeals held that "leaving the summons and petition with the receptionist at the defendant's assisted living residential community does not constitute substantial compliance with the statutory requirements for personal or residential service of process. Delivering the summons and petition to an unauthorized third party who promises to pass them to the defendant does not constitute proper service of process even if the defendant is subsequently notified of the suit." *Id.* at 241. Plaintiff's reliance on *Kuhn* is, therefore, misplaced and does not satisfy her burden to establish valid service of process or substantial compliance sufficient to deem proper service here.

Plaintiff further alleges that because Defendant McCalla filed a Motion to Dismiss in response to Plaintiff's Complaint, Defendant McCalla received proper notice of the lawsuit. However, courts have repeatedly held that notice of a lawsuit does not act as a substitute for proper service of process. *See Adams v. AlliedSignal General Aviation Avionics,* 74 F.3d 882, 885 (8th Cir. 1996) (stating that when a defendant is not properly served, the court lacks jurisdiction over that defendant whether or not the defendant has actual notice of the suit). Accordingly, even though

102876036.v2

Defendant McCalla's counsel filed a Motion to Dismiss, Plaintiff's failure to properly serve him does not establish this Court's personal jurisdiction over Defendant McCalla.

Plaintiff also argues that as a *pro se* litigant, she is entitled to leniency in procedural matters. Although courts may afford *pro se* parties some leeway, Plaintiff is still required to comply with the Federal Rules of Civil Procedure and this Court's rules. *See DiCesare v. Stuart,* 12 F.3d 973, 980 (10th Cir. 1993) ("A pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P.4"). Plaintiff fails to show that she complied with the requirements set forth in Rule 4. Consequently, the Court should deny Plaintiff's request for an additional 14 days to re-serve Defendant McCalla and should dismiss Plaintiff's claims against him for insufficient service of process.

**II.     Conclusion**

For the reasons stated herein and for those set forth in Defendant Randy McCalla's Motion to Dismiss Plaintiff's Complaint (ECF Doc. No. 20) and his Memorandum in Support of Defendant Randy McCalla's Motion to Dismiss Plaintiff's Complaint (ECF Doc. No. 21), Defendant McCalla requests this Court dismiss Plaintiff's claims against him and for such other and further relief this Court deems just, proper, and equitable.

102876036.v2

WALLACE SAUNDERS, CHARTERED

BY: _/s/ Robyn M. Butler_
    Robyn M. Butler   KS 16225
    Kacey P. Drape    KS 29985
    10111 West 87th Street
    Overland Park, KS 66212
    (913) 888-1000 FAX - (913) 888-1065
    rbutler@wallacesaunders.com
    kdrape@wallacesaunders.com
ATTORNEYS FOR DEFENDANT
RANDY McCALLA

102876036.v2

I hereby certify that the above was signed by an attorney of record in this matter and the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of record on the 9th day of July 2025:

Meghann R. Miller
15783 S. Gardner Place
Gardner, KS 66030
meg@standingwithmeg.com
PLAINTIFF, PRO SE

  /s/ Robyn M. Butler
For the Firm

102876036.v2