# EXHIBIT A:

Plaintiff's Opposition to Defendants' Motion for Leave to File Responsive Pleading Out of Time (Document A)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MEGHANN R. MILLER,

Plaintiff,

v.

KANSAS DEPARTMENT OF CHILDREN
AND FAMILIES et al.,

Defendants.

Case No. 2:25-cv-02145-KHV-TJJ

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO FILE RESPONSIVE PLEADING OUT OF TIME**

**INTRODUCTION**

COMES NOW, Plaintiff Meghann R. Miller, pro se, and respectfully opposes the Defendants' Motion for Leave to File a Responsive Pleading Out of Time (Doc. 26). The motion fails to establish excusable neglect under Rule 6(b), and granting it would prejudice Plaintiff and reward continued delay by state actors who have already been properly served.

**ARGUMENT**

**I. THE ATTORNEY GENERAL WAS PROPERLY SERVED ON APRIL 23, 2025**

1. Contrary to the suggestion in Defendants' motion, the Kansas Attorney General was properly served on April 23, 2025. (See Certificate of Service, Exhibit A.) Under Fed. R. Civ. P. 12(a)(1)(A)(i), a response was due no later than May 14, 2025. Defendants failed to respond within the prescribed timeframe, and Plaintiff properly filed a Request for Clerk's Entry of Default on May 23, 2025 (Doc. 16).

## II. THE MOTION FAILS TO ESTABLISH EXCUSABLE NEGLECT UNDER RULE 6(b)

2. Under Rule 6(b)(1)(B), a court may extend a deadline for "excusable neglect," but this standard is narrowly construed. As the Supreme Court held in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993), "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"

3. The Tenth Circuit and this Court consistently deny extensions when the failure to timely respond was within the control of the moving party (see *Hernandez v. City of Olathe*, 2023).

## III. PLAINTIFF IS ACTIVELY PROSECUTING THIS CASE AND WILL BE PREJUDICED BY FURTHER DELAY

4. Plaintiff has complied with all procedural requirements, served all named defendants, and filed 19 exhibits in support of her verified complaint. Delay will prejudice Plaintiff's access to discovery and allow Defendants to continue causing active harm. As noted in *Crutcher v. City of Wichita*, 2019, "Prejudice may exist where the delay has increased litigation costs or caused a party to lose access to evidence or witnesses."

5. The records at issue are being used by Plaintiff's ex-spouse in state court to falsely allege substantiated findings by DCF—findings Plaintiff asserts were falsified, retaliatory, and constitutionally defective. Each day of delay prevents Plaintiff from accessing the evidence she needs to rebut those claims.

6. This case must proceed to the discovery phase. Continued procedural delay shields Defendants' misconduct and enables them to weaponize the family court process.

## IV. JUDICIAL ECONOMY AND THE PUBLIC INTEREST FAVOR ENFORCEMENT OF DEADLINES

7. This Court has a duty to uphold the integrity of federal deadlines and the enforcement of service and default procedures. As noted in *Hurt v. Tilden*, No. 20-3165-EFM, 2021 WL

915894 (D. Kan. Mar. 10, 2021), "Where a party has failed to defend despite ample time and opportunity, and where plaintiff has actively prosecuted the case, default judgment is appropriate."

8. Granting the motion risks encouraging strategic delay and undermining the purpose of service deadlines, especially when filed weeks after default became available.

## V. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests this Court:

1. Deny Defendants' Motion for Leave to File Responsive Pleading Out of Time (Doc. 26);

2. Allow Plaintiff's pending Request for Clerk's Entry of Default (Doc. 16) to proceed;

3. Set the matter for a status conference and schedule the opening of discovery;

4. Grant such other and further relief as the Court deems just and proper.

## VI. CONCLUSION

For these reasons, Plaintiff Meghann R. Miller respectfully requests that the Court deny Defendants' motion or, alternatively, impose conditions that ensure expedited proceedings.

Dated: July 9, 2025

Respectfully submitted,

/s/ Meghann R. Miller

15783 S. Gardner Place
Gardner, KS 66030
816-977-8328
Email: yestheyareallmine5@gmail.com

Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2025 I filed the foregoing with the Clerk of the Court via email at ksd_clerks_kansascity@ksd.uscourts.gov, as I do not have access to the CM/ECF system. On the same date, I served a copy of this motion on Defendants' counsel by email to Marc.Altenbernt@ks.gov, consistent with his email service to me (meg@standwithmeg.com) on July 8, 2025, indicating consent to electronic service.

/s/ Meghann R. Miller

Plaintiff, Pro Se

EXHIBIT A: Certificate of Service, Kansas Attorney General was properly served on April 23, 2025