Meghann R. Miller,

      Plaintiff,

v.        Civil Action No. 2:25-cv-02145-KHV-TJJ

Kansas Department for Children and Families et al.,

      Defendants.

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and (6)
And
MEMORANDUM IN SUPPORT OF SAME**

COME NOW, Defendants the Kansas Department for Children and Families (hereinafter "KDCF"), Michelle Merritt, in her Official Capacity as an employee of KDCF, and Ashley Beauchamp, in her Official Capacity as an employee of KDCF and individually (hereinafter the "KDCF Defendants"), by and through counsel, Marc A. Altenbernt, and for their Motion to Dismiss the Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and D. Kan. 7.1(a) and, hereby states as follows

**NATURE OF MATTER BEFORE THE COURT**

Plaintiff, Meghan Miller, filed a lawsuit against various Defendants, including the KDCF Defendants, for allegations arising from a custody dispute with her ex-husband and two investigations conducted by KDCF of the Plaintiff regarding claims of abuse or neglect. The KDCF Defendants move this Court to dismiss the Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

## STATEMENT OF FACTS

Plaintiff has filed a *pro se* Amended Complaint against following Defendants: the Kansas Department for Children and Families (hereinafter "KDCF"), Michelle Merritt, in her Official Capacity as an employee of KDCF, and Ashley Beauchamp, in her Official Capacity as an employee of KDCF and individually (hereinafter the "KDCF Defendants"). [Document 13, Page 2]. The Plaintiff alleges that each of Defendants violated her constitutional rights under the Fourteenth (procedural and substantive due process) and First Amendments, as well as her rights under the Americans with Disabilities Act. Additionally, the Plaintiff alleges that Defendant Beauchamp was part of a conspiracy to deprive her of said rights. Finally, she alleges that Defendant Beauchamp is liable for intentional infliction of emotional distress and fraud. All of the allegations against Defendant Beauchamp are based on her investigating a claim of abuse against the Plaintiff and entering a finding of abuse. There are no specific allegations of liability made against Defendant Merritt.

## ARGUMENTS AND AUTHORITIES

**I. PLAINTIFF'S CLAIMS AGAINST KDCF SHOULD BE DISMISSED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND (6).**

**A. Counts I and II of the Plaintiff's Amended Complaint Should Be Dismissed as to KDCF Pursuant to Federal Rule of Civil Procedure 12(b)(1) Because the Agency Possesses Eleventh Amendment Immunity.**

"It is well-settled that the Eleventh Amendment, in the absence of consent, bars suit against the state or one of its agencies or departments in federal court." Barger v. State of Kan., 620 F. Supp. 1432, 1434 (D. Kan. 1985) (citations omitted). This bar applies regardless of the nature of the relief sought. Id. Moreover, the United States Supreme Court has expressly ruled that there

was no intent by Congress to override the granting of Eleventh Amendment immunity by enacting the Civil Rights Act. Id. (citing Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)). *See also* Will v. Michigan Dept. of State Police, 91 U.S. 58, 69 (1989) (finding, "In our view…§ 1983 itself and its legislative history, fails to evidence a clear congressional intent that States be held liable). In other words, KDCF, as an agency of the State of Kansas, is immune from suit under 42 U.S.C. § 1983. As such, this Court should strike Counts I and II of the Plaintiff's Amended Complaint as to KDCF for want of subject matter jurisdiction under Rule 12(b)(1).

      **B.    Count IX Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

In order to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a)(2), a plaintiff must allege "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court offered the following regarding federal pleading standards,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ('[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action')….

Twombly, 550 U.S. at 555-556. The Plaintiff failed to allege a cause of action under Title II of the Americans with Disabilities Act ("ADA"), and as such, Count IX should be dismissed.

A claim under Title II of the ADA must include the following allegations:

> (1) [the plaintiff] is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability.

JL v. New Mexico Department of Health, 165 F.Supp.3d 1048, 1073 (2016) (citing Robertson v. Las Animas Cty. Sheriff's Dep't, 500 F.3d 1185, 1193 (10th Cir. 2007). The Plaintiff's Amended Complaint fails to satisfy elements two and three.

Regarding the second element of the cause of action, the Plaintiff alleges that she was "denied access to DCF records" and was "subjected to vague and unreviewable restrictions by GAL McCalla and DCF investigators" [Doc. 13, Count IX, Para. 5]. However, at no point does the Plaintiff allege *who* denied her access to DCF records or *what* restrictions were placed on her by DCF. The closest she gets to answering either question is found in paragraph 9 of Section III when she alleges,

> On February 25, 2025, Plaintiff served DCF with a subpoena for records, which the court restricted to supervised viewing at the courthouse without copying, hindering access to exculpatory evidence.

Nothing in the foregoing paragraph supports the conclusory allegation that KDCF somehow denied the Plaintiff access to records.

Regarding the third element of the claim, the Plaintiff fails to allege that she was restricted from viewing documents *due to her disability*. This is a necessary element and her failure to make such an assertion must defeat her claim. Based upon the foregoing, Plaintiff's Count IX should be dismissed for failure to state a claim as against KDCF.

## II. PLAINTIFF'S CLAIMS AGAINST BEAUCHAMP AND MERRITT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND (6).

### A. Defendants Merritt and Beauchamp Possess Qualified Immunity From the Claims Made in Counts I, II, III, and V.

All of the Plaintiff's allegations against Beauchamp and Merritt concern their work as employees of KDCF, a Kansas State agency. Specifically, the Plaintiff's issues with Beauchamp appear to be that she substantiated a finding of abuse or neglect against the Plaintiff in 2025 [Doc. 13, "Factual Background," Para. 5; "Legal Claims," Count I, Para. 3(b) and (d), Count II, Para. 3(b); Count III, Para. 3(b); Count V, Para. 3(b); Count VI, Para. 3(b); Count VIII, and Para. 3(b)]. It is unclear what the Plaintiff claims Merritt did wrong since none of the Legal Claims contain allegations against her specifically. Any mention of her, however, reflects actions taken as an employee of KDCF. As such, both Beauchamp and Merritt possess qualified immunity from claims of constitutional deprivation.

Regarding the defense of qualified immunity, the Tenth Circuit has stated,

> When a defendant pleads qualified immunity, the plaintiff has the heavy burden of establishing: (1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Scott,* 216 F.3d at 910 (quotations omitted)… The 'clearly established' prong of the qualified immunity analysis ensures that governmental actors are given fair warning that their conduct is unconstitutional before they are held liable for damages based on that conduct. *Harman v. Pollock,* 586 F.3d 1254, 1260 (10th Cir. 2009).

PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1196 (10th Cir. 2010). Each of the Plaintiff's causes of action brought under the Constitution must be considered in light of the foregoing two-prong analysis.

1. Count I – Deprivation of Procedural and Substantive Due Process

    a. *Procedural Due Process*

"[P]rocedural due process does not prevent the state from depriving an individual of liberty or property. It only requires that a fair procedure be provided for the deprivation." Id. at 1199. Moreover,

> State law, however, does not generally create a constitutionally cognizable liberty interest simply 'by establishing substantive predicates to govern official decision-making'; rather, the state must also 'mandat[e] the outcome to be reached upon a finding that the relevant criteria have been met.' *Thompson,* 490 U.S. at 462, 109 S.Ct. 1904 (quotations and citations omitted). If state law establishes a substantive predicate without mandating an outcome, the law creates nothing more than a right to process which is not a constitutionally cognizable liberty interest. *See Doyle,* 998 F.2d at 1570 ('The mere expectation of receiving a state afforded process does not itself create an independent liberty interest protected by the Due Process Clause.').

Id. at 1200. It is difficult to identify what procedural due process violation the Plaintiff alleges Beauchamp committed, since she fails to distinguish between the actions of the multiple defendants. However, it appears she believes Beauchamp failed to provide necessary due process in relation to the substantiation for abuse finding in 2025 [Doc. 13, Count I, Paras. 3(b) and (d)]. However, per Wagner, the procedures put in place to investigate claims of abuse "do not mandate the outcome to be reached…." Id. The manner and method of an abuse investigation, and the ultimate finding, are discretionary functions under Kansas law. Moreover, upon being substantiated for abuse, the Plaintiff possessed substantive appellate rights which grant her a full evidentiary hearing under the Kansas Administrative Procedures Act, K.S.A. 77-501, *et. seq.* Instead of appealing her finding pursuant to statute, she filed the subject action. In sum, the Plaintiff's procedural due process rights have not been violated because (1) the procedures at issue are not constitutionally protected; and (2) she voluntarily failed to even utilize the procedures

available. As such, qualified immunity applies and the Count should be dismissed as to Merritt and Beauchamp.

    b.  *Substantive Due Process*

The Plaintiff alleges that Beauchamp violated her substantive due process rights when they undermined her familial integrity [Doc. 13, Count I, Para. 5].[1] These Defendants concede that "familial integrity" is a recognized substantive right protected by the Due Process Clause. However, the Plaintiff has failed to allege a violation of that right.

> In numerous decisions since the right was first recognized, we have applied a balancing test to determine whether the plaintiff's right to familial association has been infringed. *See, e.g., id.* at 1547–49; *J.B. v. Washington County,* 127 F.3d 919, 927 (10th Cir.1997); *Lowery v. County of Riley,* 522 F.3d 1086, 1092 (10th Cir.2008). Under this test, 'we balance 'the individual's interest in liberty against the State's asserted reasons for restraining individual liberty.' ' *Lowery,* 522 F.3d at 1092 (quoting *Youngberg v. Romeo,* 457 U.S. 307, 320, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982)). The purpose of the balancing test is to ascertain whether a defendant's conduct constitutes an undue burden on the plaintiff's associational rights. *Griffin,* 983 F.2d at 1547.

Id. at 1199. Performing the balancing test in the case is unnecessary since the alleged actions of Beauchamp did not result in the "restraining of individual liberty." While the Plaintiff fails to mention this in her Amended Complaint, the Johnson County court in Case No. 17CV03002, of which this Court may take judicial notice, had already removed all five children from the Plaintiff by the time Beauchamp entered her finding of abuse, with no visitation. In other words, the finding at the heart of the Plaintiff's substantive due process claim had no impact whatsoever on her individual liberty. In addition, the Johnson County court removed the children; not KDCF. Finally, the state has a "compelling interest in and a solemn duty to protect the lives and health of the children within their borders." Id. at 1198. Based on the foregoing, the Plaintiff has failed to

---

[1] The Plaintiff also alleges conduct that shocks the conscience at paragraph 4 of Count I but fails to identify which defendant participated in the referenced conduct.

allege a violation of substantive due process rights, and Count I should be dismissed due to Beauchamp and Merritt possessing qualified immunity.

2. <u>Count II – Violation of First Amendment – Retaliation and Gag Orders</u>

The Plaintiff claims that Beauchamp violated her First Amendment rights when she allegedly based an abuse finding on the Plaintiff's Tik Tok posts [Doc. 13, Count II, Para. 3(b)]. As indicated above, the State of Kansas has a compelling interest in the health and safety of the children within its borders. Moreover, KDCF has a statutory duty to investigate allegations of abuse. On the other hand, the Plaintiff has not alleged anything that would constitute a violation of her First Amendment rights. Utilizing the conduct of a parent in an investigation of that parent for abuse cannot be a violation of a Constitutional right. If it were, then every investigation would necessarily violate some such right. Moreover, as stated, the Plaintiff could have appealed the finding per Kansas statute and received a full evidentiary hearing. She chose not to do so. Since the Plaintiff has not alleged a clear violation of her right to free speech, Count II should be dismissed as to Beauchamp and Merritt as they possess qualified immunity.

3. <u>Count III - Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985(3)</u>.

Regarding an alleged conspiracy under section 1985(3), the Tenth Circuit has stated,

> The case law has defined the elements of a claim under this statute. The essential elements of a §1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Griffin,* 403 U.S. at 102–03, 91 S.Ct. at 1798–99 (1971). The evolving law has clarified these elements. Firstly, a valid claim must, of course, involve a conspiracy. Secondly, however, **§ 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others," but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'**

<u>Tilton v. Richardson</u>, 6 F.3d 683, 686 (10th Cir. 1993) (emphasis added). Regarding the "other class-based" discrimination, the court noted,

> …the Supreme Court has held that 'it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause.'

<u>Id</u>. The Plaintiff attempts to shoehorn her claims into a violation of section 1985(3) by randomly alleging the conspiracy "includes gender-based discrimination and hostility toward her status as a vocal female litigant" [Doc. 13, Count III, Para. 4]. The fact that it is questionable whether gender discrimination constitutes a violation of section 1985(3), the Defendants cannot be found to have violated a known constitutional right as required by <u>Wagner</u> to defeat a claim of qualified immunity.

Moreover, the fact is the Plaintiff's allegation of gender discrimination is a conclusory allegation not tied to any other allegation in the Amended Complaint. She offers no alleged facts to support her contention that anyone acted with animus towards her gender, which is specifically required. <u>See</u> <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 270 (1993) (stating, "It does demand at least a purpose that focuses upon women *by reason of their sex*…."). The Plaintiff has failed to properly allege any discrimination based on sex or any other class. As such, Count III should be dismissed as to Beauchamp.

    4.    <u>Count V – Violation of Parental Rights</u>

While the Plaintiff offers Count V as a distinct count, the allegations contained therein, at least as they apply to Beauchamp, simply reiterate the allegations concerning procedural and substantive due process already addressed above. These Defendants reference those arguments as if fully made herein.

**B. All Counts Against Merritt and Beauchamp Should be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6) For Failure to State a Claim.**

1. <u>As to Defendant Merritt</u>

This Court should note that the Plaintiff makes no allegations against Merritt in her Amended Complaint. While she attempts to include Merritt in the causes of action being made against "All Defendants," she entirely fails to allege that Merritt actually did anything wrong. Merritt's name is mentioned only three times in the "Legal Claims" portion of the Amended Complaint and her conduct is never criticized. As such, the Plaintiff's Amended Complaint, as to Merritt, should be dismissed.

2. <u>Counts I, II, III, and V</u>

As indicated above, the Plaintiff failed to allege conduct that violated the Constitution. As such, said Counts should also be dismissed for failure to state a claim.

3. <u>Count VI - Fraud</u>

Plaintiff alleges that Beauchamp committed fraud by making a finding of abuse against the Plaintiff when the Plaintiff does not believe there was any actual harm [Doc. 13, Count VI, Para. 3(b)]. Making a finding that the Plaintiff disagrees with does not constitute fraud. Fraud requires a specific intent to deceive, which the Plaintiff fails to allege except in conclusory form. <u>Evergreen Recycle L.L.C. v. Indiana Lumbermans Mutual Insurance Company</u>, 51 Kan.App.2d 459, 474 (D. Kan. 2013). Plaintiff's Count VI should be dismissed for failure to state a claim.

5. <u>Count VIII – Intentional Infliction of Emotional Distress</u>

In this Count, the Plaintiff alleges that Beauchamp is liable for Intentional Infliction of Emotional Distress because she substantiated a finding of abuse against the Plaintiff [Doc. 13, Count VIII, Para. 3(b)]. Making a finding of abuse following an investigation does not constitute

Intentional Infliction of Emotional Distress. If it did, KDCF employees would be at risk of being found liable simply for doing their job. Such activity does not constitute conduct beyond what a reasonable person could endure. Also, to reiterate what has been argued before, the Plaintiff could have appealed the finding but chose not to do so. Count VIII should be dismissed for failure to state a claim.

6. <u>Count IX – Americans with Disabilities Act</u>

The allegations in the Count suffer from the same deficiencies as they do against KDCF. As such, the arguments made in Paragraph I(B) are referred to herein by reference.

WHEREFORE, the Defendants the Kansas Department for Children and Families (hereinafter "KDCF"), Michelle Merritt, in her Official Capacity as an employee of KDCF, and Ashley Beauchamp, in her Official Capacity as an employee of KDCF and individually, respectfully request that this Court grant this Motion to Dismiss and dismiss the Plaintiff's Amended Complaint in its entirety, and for any other relief it deems just.

Respectfully Submitted,

*/s/ Marc Altenbernt*_____
Marc Altenbernt, SC#28745
General Counsel
Kansas Department for Children and Families
555 S. Kansas Ave., 6th Floor
Topeka, KS 66603
Tel: (785) 250-0380
Fax: (785) 296-4960
Marc.Altenbernt@ks.gov
*Attorney for Defendants DCF, Merritt and Beauchamp*

# CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court on the 16th day of July 2025, and to Plaintiff, via email: meg@standwithmeg.com.

                                            */s/ Marc Altenbernt*_____
                                            Marc Altenbernt