**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MEGHANN R. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 25-cv-2145-KHV-TJJ |
| ) | |
| KANSAS DEPARTMENT OF ) | |
| CHILDREN AND FAMILIES, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME**

This matter is before the Court on Plaintiff's Motion for Reconsideration of July 9, 2025 Order Granting Defendants' Motion for Leave to File Out of Time (ECF No. 29). Plaintiff asks the undersigned Magistrate Judge to reconsider the ruling with respect to Defendants' Motion for Extension of Time to File Answer to Amended Complaint (ECF No. 26). For the reasons set forth below, the Court will grant the Motion for Reconsideration, and grants Defendants' Motion for Extension of Time.

**I.     Relevant Background**

Plaintiff filed her Complaint on March 21, 2025 (ECF No. 1). The Kansas Attorney General was served on behalf of Defendants Kansas Department of Children and Families ("KDCF"), KDCF employee Michelle Merritt, and KDCF employee Ashley Beauchamp on April 21, 2025.[1] Their responses to the Complaint were due on May 12, 2025.[2]   However, on May 8, 2025, Plaintiff filed an Amended Complaint.[3]  Plaintiff served her Amended Complaint on Defendant Merritt on

---

[1] *See* ECF No. 11.
[2] *See id.*
[3] *See* ECF No. 13.

May 27, 2025, making her answer due on June 17, 2025.[4] Plaintiff served her Amended Complaint on Defendants Beauchamp and KDCF on May 30, 2025, making their answers due on June 20, 2025.[5] Shortly after filing her Amended Complaint, but prior to service of the Amended Complaint, on May 23, 2025, Plaintiff filed an Application for Clerk's Entry of Default against Defendants Beuchamp, Merritt, and KDCF.[6]

On July 7, 2025, attorney Marc Altenbernt entered his appearance on behalf of Defendants Beuchamp, Merritt, and KDCF.[7] The next day, he filed a Motion for Extension of Time to File Answer regarding Amended Complaint.[8] The motion sought an additional seven days to file an answer or otherwise respond to the Amended Complaint.[9] The Court granted the motion on July 9, 2025, ordering Defendants to file their Answers or otherwise respond to the Complaint by July 16, 2025.[10] On July 16, 2025, Defendants filed a Motion to Dismiss.[11]

Plaintiff has now filed a Motion for Reconsideration seeking reconsideration of the Court's July 9, 2025 Order extending Defendants Beuchamp, Merritt, and KDCF's answer deadline an additional week.[12] Plaintiff claims she was not given an opportunity to timely respond to the motion.

## II. Plaintiff's Motion for Reconsideration (ECF No. 29)

Plaintiff brings this motion under Fed. R. Civ. P. 60(b)(6), which states "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Plaintiff claims the Court's order was entered before Plaintiff

---

[4] *See* ECF No. 18.
[5] *See* ECF No. 24.
[6] *See* ECF No. 16.
[7] ECF No. 25.
[8] *See* ECF No. 26.
[9] *Id.*
[10] *See* ECF No. 27.
[11] *See* ECF No. 31.
[12] ECF No. 29.

was given an opportunity to respond to the motion.[13] Plaintiff attaches the response she would have filed if the order had not been granted so swiftly.[14]

Under our Court's Local Rules, "[t]he court may decide a motion for extension of time . . . without awaiting further briefing. A party that wants to file a response should promptly notify chambers of that fact."[15]  Although further briefing was not necessary to decide this motion, the Court's prompt order did not allow Plaintiff time to respond or notify the Court of her intent to respond. Thus, the Court grants her Motion for Reconsideration and will reconsider Defendants' Motion for Extension of Time to File Answer and Plaintiff's response to the Motion below.

### III.     Defendants' Motion for Extension of Time to File Answer (ECF No. 26)

After considering Plaintiff's response, the Court does not vacate its earlier order granting Defendants' motion for extension of time. The Court may extend a party's time to file a document "for good cause . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[16] There are four factors used to determine whether a party's neglect is excusable:

> 1) the danger of prejudice to the opposing party,
> 2) the length of delay caused by the neglect and its impact on judicial proceedings,
> 3) the reason for delay, and whether it was in the reasonable control of the moving party, and
> 4) the existence of good faith on the part of the moving party.[17]

The reason for delay is the most heavily considered factor.[18]

Regarding the first factor, Plaintiff claims this order is prejudicial because it "delays discovery, prolonging harm from DCF's actions in state court" and because the Court "prioritized

---

[13] Pl.'s Mot. for Reconsideration, ECF No. 29, p. 1.
[14] *Id.* at pp. 6–8.
[15] D. Kan. Rule 6.1(d)(2).
[16] Fed. R. Civ. P. 6(b)(1)(B).
[17] *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).
[18] *Id.*

3

Defendants' late motion" over her pending Application for Clerk's Entry of Default.[19] However, the Court has not entered an Initial Order Regarding Planning and Scheduling in this matter yet, and the parties have not conferred pursuant to Fed. R. Civ. P. 26(f).[20] Therefore, discovery is not yet open, and extending Defendants time to answer does not "delay discovery" as Plaintiff suggests. The brief extension granted by the Court will not prejudice Plaintiff. Further, this District strongly prefers to decide cases on the merits rather than by default judgment.[21] Allowing Defendants to answer the Amended Complaint and proceed on the merits helps achieve this aim. Therefore, the Court finds Plaintiff's arguments unconvincing and this factor weighs in favor of Defendants.

Regarding the second factor, Defendants filed their responsive motion to the Amended Complaint within thirty days after the original deadlines. The delay was not lengthy and will have a minimal impact on judicial proceedings.[22] This factor weighs in favor of Defendants.

Regarding the third factor, Defendants' stated reason for the delay is "due to the individual Amended Complaints [for each Defendant] being served at different locations on different times, despite federal and state law requiring that they all be served either on the Chief Executive Officer or the Attorney General."[23] Plaintiff contends that the Attorney General was properly served with

---

[19] Pl.'s Mot. for Reconsideration, ECF No. 29 (July 9, 2025), pp. 2–3.
[20] Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . .").
[21] *See Universal Am-Can, Ltd. v. Interstate Brands Corp.*, 160 F.R.D. 151, 152 (D. Kan. 1995) ("the strong policy underlying the Federal Rules of Civil Procedure favor[s] decisions on the merits, and against default judgments"); *ClaimSolution, Inc. v. Claim Sols., LLC*, No. 17-2005-JWL-GEB, 2017 WL 2225225, at *2 (D. Kan. May 22, 2017) ("the preferred disposition of any case is upon its merits and not by default judgment"); *Kansys Staffing Grp., LLC v. QRails, Inc.*, No. 24-2176-DDC-TJJ, 2025 WL 306110, at *2 (D. Kan. Jan. 27, 2025) ("federal courts prefer to dispose of a case upon its merits and not by default judgment") (internal quotation marks omitted).
[22] *BNSF Ry. Co. v. Zook*, No. 15-CV-4956-DDC-KGS, 2016 WL 5371861, at *3 (D. Kan. Sept. 26, 2016) ("Our court has described delays as long as two months as relatively innocuous.") (internal quotation marks omitted).
[23] Def.s' Mot. for Extension of Time, ECF No. 26, p. 2.

the Complaint on April 23, 2025. However, there is no certificate of service or other evidence in the record that the Attorney General was served with the Amended Complaint on that date. The record reflects service of the Amended Complaint as described by Defendants and the Court finds Defendants explanation for the delay persuasive.

"Generally, courts are more forgiving of missed deadlines caused by clerical calendaring errors, mathematical miscalculations of deadlines and mishandling of documents" and are less forgiving when "missed deadlines occur because of poor lawyering, *e.g.,* where counsel misconstrues or misinterprets the rules or law or makes poor tactical decisions."[24] Defendants' delay in this matter comes from being unaware of or not having the Amended Complaint in their possession, rather than misconstruing or misinterpreting the pertinent rules or law. The Court finds the cause of the delay was not within Defendants reasonable control, and this factor favors Defendants.

Regarding the fourth factor, there is no indication Defendants made their request or failed to file a timely response in bad faith. Defendants were not aware of, or did not have the Amended Complaint in their possession. Upon receiving the Amended Complaint, Defendants acted quickly to seek leave to respond to the Amended Complaint out of time. The record shows no evidence of bad faith by Defendants. This factor therefore weighs in favor of Defendants.

After reconsidering Defendants' motion and considering Plaintiff's response, the Court finds Defendants' delay in responding to the Amended Complaint constitutes excusable neglect. Accordingly, the Court will not vacate its earlier order granting Defendants' Extension of Time to File Answer.

---

[24] *Scott v. Power Plant Mainet.*, No. 09-CV-2591, 2010 WL 1881058, at *3 (D. Kan. May 10, 2010).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of July 9, 2025 Order Granting Defendants' Motion for Leave to File Out of Time (ECF No. 29) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to File Answer to Amended Complaint (ECF No. 27) is **GRANTED**, and the Court will not vacate its earlier order.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge