UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MEGHANN R. MILLER,

    Plaintiff,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, ASHLEY BEAUCHAMP, MICHELLE MERRITT, and RANDY MCCALLA, in their individual and official capacities,

    Defendants.

Case No. 25-cv-2145-KHV-TJJ

**ORDER STAYING DISCOVERY AND PRETRIAL PROCEEDINGS**

On August 13, 2025, U.S. Magistrate Judge Teresa J. James conducted a telephone Scheduling/Status Conference in this case in accordance with Fed. R. Civ. P. 16. Plaintiff Megan Miller appeared *pro se*. Defendant Kansas Department of Children and Families ("KDCF"), Ashley Beauchamp, and Michelle Merritt (collectively "KDCF Defendants") appeared through counsel, Marc Altenbernt. Defendant Randy R. McCalla appeared through counsel, Robyn Butler. This order memorializes and supplements the Court's oral rulings from the Scheduling/Status Conference.

At the Scheduling/Status Conference, the KDCF Defendants made an oral motion to stay discovery and all Rule 26 obligations pending the District Judge's ruling on the pending motions to dismiss, some of which assert immunity defenses. Defendant McCalla joined the KDCF Defendants' oral motion. Plaintiff objected to the oral motion and argued against the imposition of a stay in this matter.

After hearing the parties' positions, the Court concludes that a temporary stay of discovery and Rule 26 obligations—just until the District Judge rules on the two ripe pending motions to dismiss—is appropriate in this case. First, Defendant McCalla has filed a motion to dismiss (ECF No. 20) arguing insufficiency of service of process. This service issue needs to be resolved before discovery commences.

Second, the KDCF Defendants have asserted immunity defenses in their motion (ECF No. 21), including qualified immunity and Eleventh Amendment immunity. Assertion of an immunity defense in a dispositive motion is a basis for staying discovery.[1] Immunity from suit is a "broad protection" that grants government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'"[2] A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery.[3] Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit.[4] Because the KDCF Defendants have raised Eleventh Amendment and qualified immunity defenses in their motion to dismiss, the Court finds that a stay of discovery—until the pending motion to

---

[1] *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").

[2] *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (discussing qualified immunity).

[3] *Grissom v. Palm*, No. 19-3178-EFM-ADM, 2021 WL 147255, at *2 (D. Kan. Jan. 15, 2021).

[4] *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); S*eigert*, 500 U.S. at 232 (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits").

dismiss is ruled upon—is necessary to allow the KDCF Defendants an opportunity to have these threshold issues resolved before requiring them to participate in discovery.

Third, Plaintiff opposes a stay of discovery and pretrial proceedings but has not articulated any reason why a stay is not appropriate given the Eleventh Amendment and qualified immunity defenses raised by Defendants. Plaintiff's primary reason for opposing a stay is that she does not believe Defendants are entitled to immunity. Plaintiff, however, has not shown any need for discovery on the threshold immunity arguments in the KDCF Defendants' motion, which are purely legal questions that can be resolved without discovery. Plaintiff also argues against a stay, citing Fed. R. Civ. P. 16(b)(2), which requires the Court enter a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2) permits the Court to postpone entering a scheduling order if the "judge finds good cause for the delay." In this instance, the Court finds the issues regarding service, immunity, and Plaintiff's outstanding application for entry of default are good cause for the delay in entering a scheduling order.

Fourth, permitting discovery to proceed at this time as to all Defendants and all issues in the case would very likely be wasteful and burdensome. This is especially true if one or more of the Defendants is likely to ultimately be dismissed from the case based on the currently pending motions to dismiss.

Finally, the Court finds any potential inconvenience of a temporary stay until the District Judge rules on the motions to dismiss will not unduly prejudice Plaintiff. The Court therefore stays discovery and further stays all related Rule 26 deadlines, proceedings, and requirements, and

defers setting another Rule 16 scheduling conference, until after a ruling on the pending motions to dismiss.

**IT IS THEREFORE ORDERED** that Defendants' oral Motion to Stay is GRANTED. All discovery and other further pretrial proceedings in this case—including all deadlines and requirements under Fed. R. Civ. P. 26—are temporarily stayed with respect to all parties until the District Judge rules on the pending Motions to Dismiss (ECF Nos. 20 and 31).

**IT IS FURTHER ORDERED** that if any of Plaintiff's claims remain after the District Judge's ruling(s) on the pending motions to dismiss, defense counsel shall email the chambers of the undersigned Magistrate Judge, **within seven (7) days of the ruling**, with suggested dates for setting a telephone scheduling conference.

**IT IS SO ORDERED.**

Dated August 13, 2025, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge