IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MEGHANN R. MILLER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KANSAS DEPARTMENT OF CHILDREN AND** )<br>**FAMILIES, ASHLEY BEAUCHAMP, in her** )<br>**individual and official capacity, MICHELLE** )<br>**MERRITT, in her individual and official capacity,** )<br>**JOHN DOE SUPERVISORS 1–5, in their** )<br>**individual and official capacities, and RANDY** )<br>**MCCALLA, in his individual and official capacity,** )<br>)<br>**Defendants.** )<br>_____ ) | CIVIL ACTION<br><br>No. 25-2145-KHV |

## **MEMORANDUM AND ORDER**

In a child custody dispute between plaintiff and her ex-husband, the District Court of Johnson County, Kansas ordered that plaintiff not have contact with her five children. In this Court, on March 21, 2025, plaintiff filed suit pro se against the Kansas Department of Children and Families ("DCF"), and various individuals who are either DCF employees or provide services for DCF. Plaintiff alleges violation of her civil rights under 42 U.S.C. §§ 1983, 1985 and 1986, violation of her rights under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. and various state law claims. This matter is before the Court on Defendant Randy McCalla's Motion To Dismiss Plaintiff's Complaint (Doc. #20) filed June 11, 2025. For reasons stated below, the Court sustains defendant's motion in part but extends the deadline for plaintiff to serve defendant.[1]

---

[1] Under District of Kansas Rule 83.2.3, defendant also requests that the Court enter an order which prohibits plaintiff from disclosing his personal identifiable information, making disparaging comments about him, his job or his family and making threats or intimidating comments directed toward him. Defendant Randy McCalla's Motion For Order Prohibiting

(continued. . .)

**Legal Standards**

Before a federal court may exercise personal jurisdiction over a defendant, plaintiff must satisfy the procedural requirement of service of summons. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); see Fed. R. Civ. P. 12(b)(5). In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie showing that she has adequately served defendant under Rule 4 of the Federal Rules of Civil Procedure or state law. See Eighteen Seventy, LP v. Jayson, 32 F.4th 956, 964 (10th Cir. 2022) (on motion to dismiss, plaintiff need only make prima facie showing of personal jurisdiction); Fed. R. Civ. P. 4(k)(1)(A) (service of process establishes personal jurisdiction in federal courts over defendants subject to jurisdiction of court of general jurisdiction in state where district court located). The parties may submit affidavits and other documentary evidence for the Court's consideration, but plaintiff is entitled to the benefit of any factual doubt. See Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984).

The Court affords a pro se plaintiff some leniency and liberally construes her filings. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013). Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants. See Garrett v. Selby Connor Maddux &

---

[1](. . .continued)
Plaintiff From Making Extrajudicial Statements Regarding These Proceedings (Doc. #41) filed August 22, 2025 at 4.  Rule 83.2.3 provides that in a "widely-publicized or sensational" case, the Court may enter a special order governing certain matters such as extrajudicial statements by attorneys, parties or witnesses; the seating and conduct of spectators and news media representatives; the management and sequestration of jurors and witnesses; and other matters which are necessary to ensure a fair trial.  D. Kan. R. 83.2.3.  Defendant has not shown that this is a widely-publicized or sensational case, or that such extraordinary measures are otherwise warranted at this preliminary stage.  The Court therefore overrules defendant's request to restrict plaintiff's statements about the case.

Janer, 425 F.3d 836, 840 (10th Cir. 2005).

**Analysis**

On March 25, 2025, Magistrate Judge Teresa J. James granted plaintiff's motion to proceed without prepayment of fees and appointed the U.S. Marshal to serve the summons and complaint on defendants. Order Granting Leave To Proceed In Forma Pauperis (Doc. #6). After plaintiff filed an amended complaint which added Randy McCalla, plaintiff provided McCalla's business address to the Clerk of Court, so that the U.S. Marshal could accomplish service. Notice Of Supplemental Service Address For Defendant Randy R. McCalla (Doc. #14) filed May 8, 2025. The U.S. Marshal filed a return of service which stated that service on McCalla was accomplished by mail with a return receipt which indicated that the summons and amended complaint were received on May 21, 2025. Process Receipt And Return (Doc. #17) filed June 6, 2025.[2]

Defendant argues that the Court should dismiss the complaint under Rule 12(b)(5), Fed. R. Civ. P., for insufficient service of process. Plaintiff asks the Court to find that service was proper or to allow her to perfect service.

---

[2] Defendant argues that he received the process receipt and the summons but not the amended complaint. Defendant has presented his own declaration which states that the process receipt and summons "were accepted by someone else within the building and subsequently provided to me." Declaration Of Randy McCalla (Doc. #21-2) filed June 11, 2025, ¶ 8. Defendant states that the documents which were delivered to the building only included the process receipt and summons, but he does not explain how he has personal knowledge of what documents were delivered. See id., ¶ 9. Defendant does not identify the individual who received the delivery or the individual who subsequently provided the documents to him. Absent a sworn declaration or affidavit from such individuals, defendant's declaration is insufficient to overcome the prima facie showing of the U.S. Marshal's signed return which indicates that the type of process included the "Civil Summons & Amended Complaint." Process Receipt And Return (Doc. #17) at 1; see Home-Stake Prod. Co. v. Talon Petro. C.A., 907 F.2d 1012, 1017 (10th Cir. 1990) (district court may have concluded that absence of certain statements should be construed against declarants and declarations insufficient to overcome prima facie case of proper service established by affidavit and return of service).

**I.      Service Under K.S.A. § 60–304**

The Federal Rules of Civil Procedure authorize service of process in accordance with state practice, and Kansas civil procedure permits service by mail with return receipt delivery.  See Fed. R. Civ. P. 4(e)(1) (allowing service in accordance with state law for serving summons in state where district court located).  Under Kansas law, service by return receipt delivery must be "addressed to an individual at his dwelling or usual place of abode." K.S.A. § 60–304(a).  Service by return receipt delivery at an individual's business address is proper only if the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at his dwelling or usual place of abode was refused or unclaimed.  Id.  Because plaintiff has not shown that anyone attempted service by return receipt delivery at defendant's dwelling, she has not established service on defendant under Kansas law.  See Huebner v. Rosen, 81 F. App'x 276, 278–79 (10th Cir. 2003) (district court properly found insufficient service under Kansas law where plaintiff did not attempt to serve defendant at home before serving him at place of business).[3]

**II.     Service Under Fed. R. Civ. P. 4(e)(2)(c)**

Plaintiff also has not established that she accomplished service under the Federal Rules of Civil Procedure.  Rule 4(e)(2)(c) permits service on an individual by "delivering" a copy of the summons and amended complaint to an agent authorized by appointment or by law to receive

---

[3]      Kansas law only requires "substantial compliance" with a valid method of service if the party served was made aware that a legal action was pending in a specified court that might affect the party.  K.S.A. § 60-204.  Even so, plaintiff's attempt to serve defendant by certified mail at his business address without any effort to first serve him at his residence does not substantially comply with K.S.A. § 60-304(a).  See Fisher v. DeCarvalho, 298 Kan. 482, 492, 314 P.3d 214, 220 (2013) (service at business address before attempting service at residence not substantial compliance with Kansas law); see also Moore v. Univ. of Kansas, No. 17-CV-02359-JAR-GLR, 2017 WL 4422649, at *3 (D. Kan. Oct. 5, 2017) (plaintiff does not substantially comply with K.S.A. § 60-304(a) where he serves individual at business address without first demonstrating service was refused or unclaimed at individual's residence and filing return of service stating such).

service of process. Fed. R. Civ. P. 4(e)(2)(c). The Federal Rules permit service by certified mail only if an individual agrees to waive personal service. See Dixon v. Blanc, 796 F. App'x 684, 687–88 (11th Cir. 2020) (citing Fed. R. Civ. P. 4(d), (e)). The U.S. Marshal's mailing of the summons and complaint does not constitute "delivering" it to McCalla or his agent under Rule 4(e)(2)(c). Id.; Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000) (mailing complaint and summons not personal service under federal rules). The Court therefore finds that plaintiff did not obtain service on McCalla under Rule 4(e)(2)(C) of the Federal Rules of Civil Procedure.[4]

### III. Extension Of Deadline To Serve McCalla Under Fed. R. Civ. P. 4(m)

Under Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff had 90 days from filing the amended complaint to serve McCalla with the summons and complaint. Because plaintiff did

---

[4] Unlike Kansas law, the federal rules do not provide that substantial compliance with the requirements for service of process is sufficient. Even so, some federal courts have held that service of process is proper if the individual served receives actual notice and service was in "substantial compliance with the formal requirements of the Federal Rules." Freedom Watch, Inc. v. OPEC, 766 F.3d 74, 81 (D.C. Cir. 2014) (citation omitted); see Kitchens v. Bryan Cnty. Nat'l Bank, 825 F.2d 248, 255–56 (10th Cir. 1987) (federal courts generally take permissive attitude towards mechanism employed for service of process when defendant receives notice). This more relaxed standard appears to excuse only technical deficiencies such as service of incomplete documents or the failure to include a due date for a responsive pleading. See Kitchens, 825 F.2d at 255–56 (service effective despite omission of "notice and acknowledgment" and return envelope); Williams v. Swanson, 57 F. App'x 784, 787 (10th Cir. 2003) (service effective where only omission was lack of return date for responsive pleading) (citing Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897 (11th Cir. 1990) (same)); see also Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297, 302 (7th Cir. 1991) (to extent that "substantial compliance" doctrine has validity, it applies only to prevent purely technical error in form of documents under Rule 4 from invalidating otherwise proper and successful delivery of process). Here, plaintiff's attempt to serve McCalla by mail at his business address does not substantially comply with the personal service requirement of Rule 4. See Bd. of Trs. of Glazing Health & Welfare Fund v. Z-Glass, Inc., No. 17-CV-01638-JAD-NJK, 2018 WL 4053320, at *7–8 (D. Nev. Aug. 24, 2018) (leaving copy of summons and complaint at address which is not individual's dwelling or usual place of abode does not substantially comply with Rule 4).

not timely serve defendant, the Court may dismiss the action without prejudice or order that plaintiff effect service within a specified time.  Fed. R. Civ. P. 4(m).  If plaintiff shows good cause for the failure to serve defendant within 90 days, the Court will extend the time for service.  Id. Absent a showing of good cause, the Court may still grant a permissive time extension or dismiss the case without prejudice.  See id.

Generally, where the Court finds that service is insufficient but curable, it should quash the service and give plaintiff an opportunity to re-serve defendant.  An extension of the service period is particularly appropriate where plaintiff is proceeding in forma pauperis and therefore relied on service by the U.S. Marshal.  See Olsen v. Mapes, 333 F.3d 1199, 1205 (10th Cir. 2003) (absent evidence that plaintiffs failed to cooperate with U.S. Marshal, plaintiffs not culpable for failure to comply with Federal Rules of Civil Procedure or court orders).  While plaintiff failed to provide McCalla's home address to the U.S. Marshal, the Court may extend the time for service, even absent a showing of good cause.  Fed. R. Civ. P. 4(m).

The Court prefers to decide cases on their merits rather than on technicalities.  See Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982).  Because plaintiff states that she now has McCalla's home address, it appears that the deficiencies in service are curable.  In addition, defendant has not shown prejudice resulting from the delay in service.  Therefore, **on or before November 7, 2025, plaintiff shall provide Randy McCalla's home address to the Clerk's office in writing by either emailing the information to KSD_Clerks_kansascity@ksd.uscourts.gov or mailing the information to:**

    **Clerk of the Court**
    **Robert J. Dole United States Courthouse**
    **500 State Avenue, Rm 259**
    **Kansas City, KS 66101**

**After Plaintiff provides McCalla's address, the Clerk shall issue summons for service upon him. The U.S. Marshal or his deputy shall effect service of the summons and amended complaint pursuant to Fed. R. Civ. P. 4(c)(3).**

**IT IS THEREFORE ORDERED** that Defendant Randy McCalla's Motion To Dismiss Plaintiff's Complaint (Doc. #20) filed June 11, 2025 is **SUSTAINED in part**. **On or before November 7, 2025, plaintiff shall provide Randy McCalla's home address to the Clerk's office. After Plaintiff provides McCalla's address, the Clerk shall issue summons for service upon him. The U.S. Marshal or his deputy shall effect service of the summons and amended complaint pursuant to Fed. R. Civ. P. 4(c)(3).**

**IT IS FURTHER ORDERED** that Defendant Randy McCalla's Motion For Order Prohibiting Plaintiff From Making Extrajudicial Statements Regarding These Proceedings (Doc. #41) filed August 22, 2025 is **OVERRULED**.

Dated this 30th day of October, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge