**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MEGHANN R. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 25-2145-KHV |
| | ) | |
| KANSAS DEPARTMENT OF CHILDREN AND | ) | |
| FAMILIES, ASHLEY BEAUCHAMP, in her | ) | |
| individual and official capacity, MICHELLE | ) | |
| MERRITT, in her individual and official capacity, | ) | |
| JOHN DOE SUPERVISORS 1–5, in their | ) | |
| individual and official capacities, and RANDY | ) | |
| MCCALLA, in his individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

In a child custody dispute between plaintiff and her former husband, the District Court of

Johnson County, Kansas ordered that plaintiff not have contact with her five children. On

March 21, 2025, plaintiff filed suit pro se against the Kansas Department of Children and Families

("DCF"), and various individuals who are either DCF employees or provide services for DCF.

Plaintiff alleges violation of her civil rights under 42 U.S.C. §§ 1983, 1985 and 1986, and her

rights under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. She also

brings various state law claims. On November 20, 2025, the Court sustained the Motion To

Dismiss Plaintiff's Amended Complaint Pursuant To Federal Rules Of Civil Procedure 12(b)(1)

And (6) And Memorandum In Support (Doc. #31) which DCF, Ashley Beauchamp and Michelle

Merritt filed July 16, 2025 and dismissed all claims against those defendants. See Memorandum

And Order And Order To Show Cause (Doc. #46) at 29–30. As to Randy McCalla and John Doe

Supervisors 1–5, the Court ordered plaintiff to show cause why the Court should not also dismiss

those defendants.  See id. at 30.

This matter is before the Court on Plaintiff's Response To Order To Show Cause Under 28 U.S.C. § 1915A(b) (Doc. #50) filed December 7, 2025.  For reasons stated below, plaintiff has not shown good cause and the Court therefore dismisses her claims against McCalla and the Doe Supervisors.

## Factual Background

Highly summarized, plaintiff's First Amended Verified Complaint (Doc. #13) filed May 8, 2025, alleges as follows:[1]

In the District Court of Johnson County, plaintiff and her former husband have a pending dispute which involves the custody of their five children.  On January 29, 2024, based on

---

[1]    Throughout the amended complaint, plaintiff refers to numerous exhibits, but she has not attached them to the complaint or otherwise included them in the record.  See, e.g., First Amended Verified Complaint (Doc. #13) at 4 (Exhibits A, B, C, EEE, NNN, UUU, VVV); id. at 5 (Exhibits D, E, F, P, Y, OO, PP, FFF, III); id. at 6 (Exhibits Z, AA, GGG, III, PPP, SSS, XXX); id. at 7 (Exhibits C, E, G, H, I, J, K, P, EEE, NNN, UUU, VVV).  As best the Court can ascertain, plaintiff refers to exhibits which the Clerk filed on her behalf in Miller v. McCalla, Case No. 25-2180, which is also before the undersigned judge.  See Exhibits In Support Of Complaint (Doc. #7, #8 and #9 filed April 8, 2025 in Case No. 25-2180).  Because plaintiff did not include the case number on the exhibits and she did not submit exhibits with her amended complaint in this action, it appears that plaintiff intended that the Clerk would file the exhibits in both actions before the undersigned judge.  Defendants do not argue that they did not receive the exhibits.  The Court therefore considers the allegations in the First Amended Verified Complaint (Doc. #13) in this action and to the extent that plaintiff has referenced exhibits, the more than 800 pages of attachments to plaintiff's complaint filed in Case No. 25-2180.

In addition to the exhibits which plaintiff has referenced in her amended complaint, the Court takes judicial notice of the orders in Matter Of Marriage Of Meghann R. Miller And Craig R. Miller, Case No. 17-cv-3002, Div. 1, which plaintiff has included as attachments to her complaint filed in Case No. 25-2180, as well as the publicly available docket sheet in that case. When deciding a motion to dismiss under Rule 12(b)(6), the Court may consider facts which are subject to judicial notice, i.e. facts which are not subject to reasonable dispute because they are generally known or capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); see Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (facts subject to judicial notice may properly be considered in a motion to dismiss).

unsubstantiated allegations of abuse and without an evidentiary hearing or notice to plaintiff, District Judge Keven O'Grady ordered that plaintiff not have contact with her children.  Before January 29, 2024, Michelle Merritt, a DCF investigator, had informed Randy McCalla, the guardian ad litem, that the abuse allegations against plaintiff were unsubstantiated.  McCalla nevertheless sought to remove the children from plaintiff's custody.  On June 5, 2024, Merritt told plaintiff that the abuse allegations were unfounded.  Even so, unknown DCF supervisors blocked disclosure of this fact to the court.

On July 22, 2024, Judge O'Grady ordered plaintiff, her former husband and their children to participate in therapy so that plaintiff could restore contact with the children.  See Exhibit Q (Doc. #7-16 filed in No. 25-2180).  On August 1, 2024, Judge O'Grady overruled plaintiff's claim that McCalla lacked objectivity and her request to remove him as guardian ad litem.  See Exhibit DDD (Doc. #9-3 filed in No. 25-2180).

On January 22, 2025, after repeated efforts by plaintiff to correct the record, DCF general counsel sent plaintiff a letter which acknowledged that DCF had previously closed the investigation because the allegations against her were unsubstantiated.  See Exhibit E (Doc. #7-4 filed in No. 25-2180).

On January 23, 2025, DCF received a new report which alleged emotional harm to plaintiff's children from her social media activity.  Ashley Beauchamp, a DCF social worker, told plaintiff that on January 22, 2025, she had interviewed plaintiff's children about her social media activity.  Plaintiff denies that Beauchamp could have interviewed the children on January 22.  On February 6, 2025, Beauchamp admitted that she relied on secondhand therapist and caregiver statements, did not review Merritt's findings and refused to provide plaintiff dates or sources of alleged interviews.

On February 25, 2025, in the state custody proceeding, plaintiff served DCF with a subpoena for records. DCF required that plaintiff and her former husband comply with its standard protective order. Plaintiff objected to the protective order because it did not allow her to make or retain copies of DCF records. Judge O'Grady overruled plaintiff's objection because she offered no compelling reason why she needed to copy DCF records or access them without supervised viewing at the courthouse. See Exhibit SSS (Doc. #9-17 filed in No. 25-2180).

On March 14, 2025, Judge O'Grady overruled plaintiff's motion to modify the temporary parenting plan on account of alleged violation of her rights to procedural due process under the Fourteenth Amendment. See Exhibit TTT (Doc. #9-18 filed in No. 25-2180). He noted that plaintiff had notice of the proceedings (including the upcoming trial in April of 2025), the claims made and the positions of her former husband and the guardian ad litem.

On March 18, 2025, in reliance on fabricated evidence and without interviewing plaintiff, Beauchamp concluded that the allegations of harm to plaintiff's children were substantiated. First Amended Verified Complaint (Doc. #13) at 5. Specifically, Beauchamp stated that "[a]ll children report a negative impact to their emotional and social wellbeing due to their mother talking about them on social media. Negative impact was confirmed through interviews with the children, the children's therapists, and caregivers." Exhibit Y (Doc. #7-26 filed in No. 25-2180) at 1. Plaintiff alleges that Beauchamp based her finding of abuse on plaintiff's TikTok posts and defamatory posts by Sarah Jo Crawford and Beth Nichols.

A form attached to Beauchamp's findings advised plaintiff that within 30 days, she could appeal by filing with the Officer of Administrative Hearings in Topeka, Kansas, a written request for fair hearing pursuant to K.A.R. § 30-7-68 et seq. Id. at 2. The form further advised plaintiff that if she was dissatisfied with the officer's decision, she could request review by the State

Appeals Committee and that its decision could be appealed to district court.  Id.

On April 1, 2025, some three weeks before the scheduled trial of the custody dispute, Judge O'Grady canceled the trial because plaintiff had not paid outstanding guardian ad litem fees.  He also declined to rule on plaintiff's renewed request to remove McCalla as the guardian ad litem. On April 4, 2025, for punitive reasons, Judge O'Grady imposed a selective Artificial Intelligence ("AI") certification rule which mandated that plaintiff disclose her use of AI in pleadings.  Plaintiff alleges that the AI certification rule obstructed her access to the courts.

On March 21, 2025, plaintiff filed this suit against DCF, McCalla and others associated with DCF.  On April 7, 2025, plaintiff filed a separate suit against McCalla, the court-appointed therapist, a psychologist who evaluated plaintiff and Johnson County.  See Miller v. McCalla, Case No. 25-2180.  At some point, plaintiff apparently filed suit related to a daughter's child in need of care proceeding from 2022 to 2023.  First Amended Verified Complaint (Doc. #13) at 2–3. Plaintiff also filed suit against two individuals (presumably Crawford and Nichols) who allegedly made false and defamatory statements about her parenting and mental health.  In this case, plaintiff alleges that Beauchamp failed to investigate these defamatory statements, which contributed to DCF's finding of abuse.

Since January 29, 2024, except for limited weekly reunification sessions with her three youngest children, plaintiff has been separated from her children (ages 17, 14, 12, 11 and 11).

## Procedural Background

In a nine-count amended complaint in this case, plaintiff alleges violation of her civil rights under 42 U.S.C. §§ 1983, 1985 and 1986, violation of her rights under the ADA and various state

law claims.[2]

Under Section 1983, plaintiff alleges that all defendants violated her rights to procedural and substantive due process under the Fourteenth Amendment (Count I) and her right to free speech under the First Amendment (Count II).

Against Beauchamp, McCalla and the Doe Supervisors, plaintiff alleges that they conspired to interfere with her civil rights in violation of 42 U.S.C. § 1985(3) (Count III), violated her parental rights under the Fourteenth Amendment in violation of 42 U.S.C. § 1983 (Count V) and intentionally inflicted emotional distress in violation of Kansas law (Count VIII).

Against Beauchamp and McCalla, plaintiff asserts that they fraudulently misrepresented matters in the state court custody and DCF proceedings (Count VI).

Against DCF, Beauchamp and McCalla in his official capacity, plaintiff alleges that they excluded or denied her DCF benefits and services because of her disability and did not accommodate her disabilities in violation of the ADA, 42 U.S.C. § 12101 et seq. (Count IX).[3]

The gravamen of plaintiff's complaint is that McCalla and DCF employees provided information which misled Judge O'Grady in the custody dispute. Although plaintiff has not named Judge O'Grady as a defendant, she alleges that his conduct has "obstructed her access to justice."

---

[2]     The Court does not include plaintiff's allegation—which she apparently inadvertently included from a prior lawsuit—that her claims "pertain solely to constitutional and statutory injuries" which she and her daughter suffered during a child in need of care proceeding from 2022 to 2023. First Amended Verified Complaint (Doc. #13) at 2–3. Plaintiff apparently raised those claims in a third action, which she asserts does not duplicate the claims which she has raised in this action or in Case No. 25-2180. See id. at 2.

[3]     As noted, plaintiff asserts nine counts, but the remaining two counts do not involve DCF, Beauchamp and Merritt. As to the Doe Supervisors, plaintiff asserts that they neglected to prevent the conspiracy to interfere with her civil rights in violation of 42 U.S.C. § 1986 (Count IV). As to McCalla, plaintiff asserts that he maliciously abused the legal process in violation of Kansas law (Count VII).

First Amended Verified Complaint (Doc. #13) at 6, 8.

As noted above, on April 7, 2025, plaintiff filed a separate suit against McCalla, the court-appointed therapist, a psychologist who evaluated plaintiff and Johnson County.  Case No. 25-2180.  In that lawsuit, on November 24, 2025, Magistrate Judge Teresa J. James recommended that the Court dismiss plaintiff's complaint without prejudice for failure to state a claim on which relief could be granted and because McCalla has quasi-judicial immunity.  See Report And Recommendation For Dismissal Of Plaintiff's Complaint (Doc. #26).  On January 5, 2026, the Court adopted the report and recommendation.  Under the abstention doctrine of Younger v. Harris, 401 U.S. 37, 54 (1971), the Court dismissed plaintiff's claims for equitable relief for lack of jurisdiction.  Under 28 U.S.C. § 1915(e)(2)(B)(iii) and because McCalla is entitled to quasi-judicial immunity, the Court dismissed plaintiff's federal claims for monetary damages against him (Counts I, II, III, IV, VI, VII, X and XI).  Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismissed Counts I, II, III, IV, VI, VII, X, XI, XII, XIII, XIV and XV against all defendants for failure to state a claim on which relief may be granted.  Finally, the Court declined to exercise supplemental jurisdiction over plaintiff's claims in Counts V, VIII and IX and dismissed those claims without prejudice.

## Legal Standards

The Court affords a pro se plaintiff some leniency and liberally construes her filings.  See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).  Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

In determining whether to dismiss plaintiff's claims for lack of subject matter jurisdiction,

the Court considers under Rule 12(b)(1) whether the face of the complaint establishes jurisdiction, so the Court presumes the accuracy of plaintiff's factual allegations and does not consider evidence outside the complaint. Baker v. USD 229 Blue Valley, 979 F.3d 866, 872 (10th Cir. 2020).

In determining whether plaintiff has stated a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679–80.

Plaintiff bears the burden to frame her claims with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants acted unlawfully—it is not enough to plead facts that are "merely consistent with" liability. Id. (quoting Twombly, 550 U.S. at 557).

A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not shown—that the pleader is entitled to relief. See id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under

Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Analysis**

**I.      Claims For Equitable Relief Against Doe Supervisors**

As plaintiff concedes, this case (Case No. 25-2145) and Case No. 25-2180 involve the same core facts, name McCalla as a defendant and present common questions of law and fact.  Plaintiff's Motion To Consolidate Related Cases Under Fed. R. Civ. P. 42(a) (Doc. #47) filed November 21, 2025 at 1.  In both cases, plaintiff claims that McCalla and others gave information which misled Judge O'Grady in the custody dispute.  Here, plaintiff also alleges that the Doe Supervisors at DCF did not prevent DCF employees from misleading Judge O'Grady.  Although plaintiff has not named Judge O'Grady as a defendant, she alleges that his conduct has "obstructed her access to justice." First Amended Verified Complaint (Doc. #13) at 6, 8.  In effect, plaintiff's present lawsuit is simply an attempt to evade Judge O'Grady's rulings.  See Exhibit DDD (Doc. #9-3 filed in No. 25-2180) (on August 1, 2024, Judge O'Grady overruled plaintiff's claims that McCalla lacked objectivity and plaintiff's request to remove him as guardian ad litem); Exhibit TTT (Doc. #9-18 filed in No. 25-2180) (on March 14, 2025, Judge O'Grady overruled plaintiff's motion to modify parenting plan on account of violation of her rights to procedural due process).

Under Younger v. Harris, 401 U.S. 37, 54 (1971), federal courts should not interfere with state court proceedings by granting equitable relief when the state forum provides an adequate avenue for relief.   Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of State of Utah, 240 F.3d 871, 875 (10th Cir. 2001).   Federal courts should abstain from exercising jurisdiction when (1) state criminal, civil or administrative proceedings are ongoing, (2) the state court provides an adequate forum to hear claims raised in the federal complaint and (3) the state

proceedings involve important state interests.  Winn v. Cook, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting Chapman v. Oklahoma, 472 F.3d 747, 749 (10th Cir. 2006)).

Because state court proceedings appear to be ongoing and for substantially the reasons stated by Judge James in her Report And Recommendation (Doc. #26 in Case No. 25-2180), under the Younger abstention doctrine, the Court lacks jurisdiction over plaintiff's claims for equitable relief against the Doe Supervisors.[4]

## II.     Claims For Money Damages Against Doe Supervisors

For substantially the reasons stated in the Court's Memorandum And Order And Order To Show Cause (Doc. #46), the Court dismisses all claims against the Doe Supervisors.  The Court dismisses for lack of jurisdiction Counts I, II, III, IV and V, which sue them in their official capacities.  See Memorandum And Order And Order To Show Cause (Doc. #46) at 10 (complaint fails to allege claim for prospective relief to halt ongoing constitutional violations because it does not specify how DCF investigator or DCF social worker had particular duty to enforce specific statute and demonstrated willingness to exercise that duty).  Because they are entitled to qualified immunity, the Court dismisses for lack of jurisdiction Counts I, II, III and V, which sue the Doe Supervisors in their individual capacities.  See id. at 12–22.  Because plaintiff has not stated a claim against any defendant for conspiracy to interfere with her civil rights under Section 1983, the Court also dismisses for failure to state a claim plaintiff's claim that the Doe Supervisors neglected to prevent the conspiracy (Count IV).

---

[4]     Judge O'Grady continued the bench trial scheduled for April 22, 2025.  Neither party has provided information which indicates that the state case is no longer ongoing.  The publicly available docket sheet in the state court case indicates that on February 5, 2026, plaintiff filed a motion to vacate void orders for due process violations and futile conditions.  See Docket Sheet for Matter Of Marriage Of Meghann R. Miller And Craig R. Miller, Case No. 17-cv-3002, Div. 1, available at https://casesearch.kscourts.gov/Home/CaseDetail (accessed May 19, 2026).

### III.    Claims Against McCalla

Plaintiff does not oppose dismissal of her ADA claim against McCalla without prejudice (Count IX).  Plaintiff's Response To Order To Show Cause Under 28 U.S.C. § 1915A(b) (Doc. #50) at 2.  For substantially the reasons stated in the Court's Memorandum And Order And Order To Show Cause (Doc. #46), plaintiff has not alleged a plausible ADA claim that McCalla denied her benefits or discriminated against her because of her disability.  The Court therefore dismisses plaintiff's ADA claim against McCalla for failure to state a claim on which relief can be granted.

As to the remaining claims against McCalla in his individual capacity, he is entitled to quasi-judicial immunity.  See Memorandum And Order (Doc. #28 in Case No. 25-2180) (adopting report and recommendation); Report And Recommendation (Doc. #26 in Case No. 25-2180) at 9–10.  As guardian ad litem, McCalla assumes no obligation to the mission of the state.  Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir. 1986).  Instead, he owes his undivided loyalty to the minor children.  Id.  In his capacity as guardian ad litem, McCalla must exercise independent, professional judgment, so he did not act under color of state law for purposes of Section 1983.  Id.; see Fuller v. Davis, 594 F. App'x 935, 939 (guardian ad litem entitled to absolute immunity for participation in furtherance of judicial process).

Even if plaintiff could allege that McCalla's actions on behalf of the children were "too far removed from the judicial process to implicate quasi-judicial immunity," she has not alleged that he was a state actor for purposes of Section 1983.  Fuller, 594 F. App'x at 939–40.  Therefore, for purposes of liability under Section 1983, McCalla was not a state actor proceeding under color of state law.  See Meeker, 782 F.2d at 155 (guardian ad litem not state actor when engaged in advocacy for client).  While a guardian ad litem's actions as part of a conspiracy with state actors could constitute state action, plaintiff's allegations of McCalla's conspiracy with Beauchamp and

the Doe Supervisors at DCF are too speculative and conclusory to state a claim. The mere fact that in the state custody case, McCalla and DCF employees reached the same conclusion that plaintiff should not have custody of her children does not establish a conspiracy. See Fuller, 594 F. App'x at 939–40 (conjecture that guardian ad litem conspired with state actors to create unenforceable no-contact order too speculative and conclusory to allege state action); Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005) (conclusory allegation of conspiracy with state actors insufficient to extend Section 1983 liability to private defendant); see also Gee v. Pacheco, 627 F.3d 1178, 1183 (10th Cir. 2010) (to establish plausible conspiracy under Twombly, plaintiff must set forth specific factual allegations, rather than speculative conclusions).

For the above reasons, plaintiff has failed to state a federal claim on which relief can be granted against McCalla in his individual capacity. Because plaintiff has not alleged facts which establish that McCalla is a state actor for purposes of Section 1983, plaintiff has also failed to state a federal claim against McCalla in his official capacity. The Court therefore dismisses plaintiff's federal claims against McCalla in both his individual and official capacities.

## IV.     State Law Claims

Plaintiff also alleges various state law claims against McCalla and the Doe Supervisors at DCF. Under 28 U.S.C. § 1367(a) and (c)(3), the Court has supplemental jurisdiction over state law claims which are integrally related to a federal claim, but it may refuse to exercise supplemental jurisdiction if it dismisses the federal law claims. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The Court normally dismisses supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial. United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002) (suggesting district court should retain jurisdiction only if parties have expended great deal of time and energy on state law claims). The

Court considers the nature and extent of pretrial proceedings, judicial economy, convenience and whether retaining jurisdiction would serve fairness. Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995). In the usual case, the balance of factors points towards declining to exercise jurisdiction over remaining state law claims. McWilliams v. Jefferson Cnty., 463 F.3d 1113, 1118 (10th Cir. 2006); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, plaintiff has not obtained service on McCalla and does not know the identity of the Doe Supervisors. At this preliminary stage, the Court finds no persuasive reason to exercise supplemental jurisdiction to decide the merits of plaintiff's state law claims. See Thatcher Enter. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990) (absent compelling reasons to contrary, notions of comity and federalism demand that state court try its own lawsuits). Allowing the state courts to adjudicate the state law claims will not adversely affect the parties. In sum, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims against McCalla and the Doe Supervisors based on considerations of judicial economy, convenience, fairness and comity. See Bauchman for Bauchman v. W. High Sch., 132 F.3d 542, 549 (10th Cir. 1997).

## V.    Request To Amend Complaint

In responding to the Court's order to show cause, plaintiff states that if the Court finds that her complaint is deficient, she seeks leave to amend. Plaintiff's Response To Order To Show Cause Under 28 U.S.C. § 1915A(b) (Doc. #50) at 2–3. The Court disregards any motion or request to amend which does not comply with District of Kansas Rule 15.1(a). Under that rule, a party filing a motion to amend that may not be filed as a matter of right must (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) attach a redlined version of the proposed amendment that shows all proposed changes to

the pleading.  D. Kan. Rule 15.1(a); see Requena v. Roberts, 893 F.3d 1195, 1204 n.3 (10th Cir. 2018) (insufficient to merely suggest that party should be allowed to amend if judge finds pleadings deficient; party must file written motion for leave to amend, giving adequate notice of basis of proposed amendment).  In her response dated December 7, 2025, plaintiff acknowledged the above requirements and stated that she was "actively preparing" and intended to promptly file a motion for leave to file a second amended complaint.  Plaintiff's Response To Order To Show Cause Under 28 U.S.C. § 1915A(b) (Doc. #50) at 3.  To date, nearly six months later, plaintiff has not done so.  The Court therefore overrules her request to amend.

**IT IS THEREFORE ORDERED that plaintiff has not shown cause why the Court should not dismiss her claims against Randy McCalla and the John Doe Supervisors 1–5.**

**IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1915A(b) and Rule 12(b)(6), Fed. R. Civ. P., the Court dismisses Counts I, II, III, V and IX of the First Amended Verified Complaint (Doc. #13) against Randy McCalla in his individual and official capacities for failure to state a claim on which relief can be granted.**

**IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1915A(b), Rule 12(b)(1), Fed. R. Civ. P. and the Younger abstention doctrine, the Court dismisses claims for equitable relief in Counts I, II, III, IV and V against the John Doe Supervisors 1–5 in their official and individual capacities.  Pursuant to 28 U.S.C. § 1915A(b) and Rule 12(b)(6), Fed. R. Civ. P., the Court dismisses claims for money damages in Counts I, II, III, IV and V against the John Doe Supervisors 1–5 in their official and individual capacities for failure to state a claim on which relief can be granted.**

**IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims against Randy McCalla (Counts VI, VII and**

**VIII) and the John Doe Supervisors 1–5 (Count VIII) and dismisses these claims without prejudice.**

**IT IS FURTHER ORDERED** that <u>Plaintiff's Motion For Leave To Complete Service By Alternative Means And To Extend Time Under Rule 4(m)</u> (Doc. #53) filed January 6, 2026 is **OVERRULED as moot**.

**The Clerk is directed to enter final judgment as to all defendants.**

Dated this 26th day of May, 2026 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge